696 P.2d 724

**CITY OF PHOENIX, a municipal corporation, Plaintiff-Appellant,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, and the Honorable Robert L. Myers, a Judge thereof; and Maricopa County, a body politic, and Jerry I. Hill, Sheriff of Maricopa County, the real parties in interest, Defendants-Appellees.**

No. 1 CA–CIV 7509.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 21, 1985.

---

Roderick McDougall, City Atty. by Richard J. Graci, Asst. City Atty., Phoenix, for plaintiff-appellant.

Thomas E. Collins, Maricopa County Atty. by Louis Barry Gorman, Deputy County Atty., Phoenix, for defendants-appellees.

## OPINION

BROOKS, Judge.

The City of Phoenix [hereinafter "City"] filed a special action in Maricopa County Superior Court seeking to quash an

order issued by Maricopa County Superior Court Judge Robert L. Myers. The order directed the Phoenix Police Department to cause an allegedly mentally disordered person, as to whom a petition for court-ordered evaluation had been filed, to be detained at a hospital facility and to serve copies of the petition, notice of right to hearing, and the court order on her. The City sought a declaratory judgment ruling that the Maricopa County Sheriff has sole legal responsibility in the City of Phoenix, which is within Maricopa County, for taking mentally disordered persons into custody and serving them with process emanating from proceedings pursuant to A.R.S. Title 36, Chapter 5.[1] The City named Maricopa County and the Maricopa County Sheriff [hereinafter "County"] as the real parties in interest.

After an order to show cause hearing was held, Judge Marquardt found that Judge Myers had not erred or exceeded the scope of his authority in directing that the Phoenix Police Department serve orders issued in furtherance of mental health proceedings instituted under A.R.S. Title 36, Chapter 5. The trial court denied the motion to quash and ordered that the Phoenix Police Department obey and implement all orders issued to them by the superior court relative to the mental health proceedings. The City appeals to this court.

On appeal the City narrows the question it raises. The City no longer argues that the Phoenix Police Department is not authorized to take allegedly mentally disordered persons into custody. The City limits itself to arguing that the Phoenix Police Department is not authorized by Arizona law to serve any process pursuant to the applicable statutes.

The order signed by Judge Myers appears to have been issued pursuant to

A.R.S. § 36–529, which provides, in relevant part, as follows:

A. If, from the review of the petition for evaluation, the court does not determine that the proposed patient is likely to present a danger to self or others prior to his hearing on court-ordered treatment, but determines that there is reasonable cause to believe that the proposed patient is, as a result of a mental disorder, a danger to self or others or gravely disabled, *the court shall issue an order directing the proposed patient to submit to an evaluation* at a designated time and place, specifying that the evaluation will take place on an inpatient or an out-patient basis. *The court may also order that if the person does not or cannot so submit, that he be taken into custody by a police officer and delivered to an evaluation agency.* If the court makes such a conditional order, it shall also make a conditional appointment of counsel for the person to become effective when and if the person is taken into custody pursuant to this section.

B. If, from review of the petition for evaluation, there is reasonable cause to believe that the proposed patient is, as a result of a mental disorder, a danger to self or others or gravely disabled and that the person requires immediate or continued hospitalization prior to his hearing on court-ordered treatment, *the court shall order the proposed patient taken into custody and evaluated at an evaluation agency.* The court shall promptly appoint counsel for the proposed patient. If an intercounty agreement authorizes the same, the court may order that the evaluation be conducted in another county, and the superior court of the county where the evaluation is conducted shall have concurrent jurisdiction

---

1. We note that the City's petition for special action contained allegations that the Maricopa County Sheriff's Office had threatened that it would not pick up or serve mentally deranged persons within the city limits of Phoenix and had sent various pickup orders to the Phoenix Police Department instead of executing them. No evidence regarding these allegations appears

in the record. The trial court dealt solely with the question of whether legal authority exists for the Maricopa County Superior Court to direct the Phoenix Police Department to carry out orders issued to them by the superior court relative to A.R.S. Title 36, Chapter 5, proceedings, and this court is so limited on review.

to make appropriate orders concerning the proposed patient.

(Emphasis added.)

The City acknowledges that A.R.S. § 36–529(A) directs that persons be "taken into custody by a police officer." As the City points out, however, the statute does not expressly specify who is to serve orders issued by the superior court pursuant to the statute. Since the statute does not direct any specific person to serve orders, the City concludes that only the sheriff may accomplish such service pursuant to the powers given it in A.R.S. § 11–441(A)(7) which provides that the sheriff shall "[s]erve process and notices in the manner prescribed by law...." Process is defined in A.R.S. § 1–215(26) as "a citation, writ or summons issued in the course of judicial proceedings." A.R.S. § 1–215(38) provides that a "'[w]rit' signifies an order or precept in writing issued in the name of the state or by a court or a judicial officer."

The City points out that there is no similar broad statutory authority for city police officers to serve process. Therefore, the City argues that the rule of *expressio unius est exclusio alterius* is dispositive. *See, e.g., Pima County v. Heinfeld,* 134 Ariz. 133, 654 P.2d 281 (1982); *Lewis v. Industrial Commission,* 93 Ariz. 324, 380 P.2d 782 (1963). The City contends that the effect of this rule in this situation would be that since A.R.S. § 11–441(A)(7) specifically mandates that the sheriff is to serve process, it implies that this task shall not be performed by others who are not mentioned.

The City acknowledges that there is nothing to preclude Phoenix Police officers from serving process if Arizona law so designates. The City points out that, in general, the duty of its police officers to serve process is limited to a duty to serve all writs and processes issued by the City Magistrate. *Phoenix City Code,* Chapter 2, Art. IV, § 2–119(b). However, the City does not dispute that its charter recognizes that all acts required by the laws of the state must be carried out or enforced and that the city council is to enact appropriate

legislation to accomplish this. *Phoenix City Charter,* Chapter 4, § 2(64). Among the responsibilities of the Phoenix Police Department are the enforcement of state laws and city ordinances, protection of life and property, and preservation of law and order. *Phoenix City Code,* Chapter 2, Art. I, § 2–37. The City does not deny that its police officers are authorized and required to serve process, such as arrest and search warrants, issued by state and county judges in certain specific circumstances as directed by Arizona law. The City's argument is simply that A.R.S. Title 36, Chapter 5, does not authorize police officers to serve process for mental health proceedings and, without such specific authority, they cannot do so since the general authority for serving process lies solely within the county sheriff's office.

The County argues, and the superior court so found in ruling on the petition for special action, that the legislature intended for "peace officers," including Phoenix police officers, to perform and fulfill duties and follow orders issued by the superior court pursuant to a proceeding arising out of A.R.S. Title 36, Chapter 5, even though specific duties are not individually designated.

█ In deciding whether the mental health statutes, specifically A.R.S. § 36–529, may be construed to authorize service of process thereunder by the Phoenix Police Department, we must determine, if possible, the intent of the legislature. The fundamental rule of statutory construction is to ascertain and to give effect to the intention of the legislature as expressed in the statute. *Arizona Dept. of Revenue v. Maricopa County,* 120 Ariz. 533, 587 P.2d 252 (1978). To arrive at the intention of the legislature, the court looks to the words, context, subject matter, effects and consequences, reason and spirit of the law. *Arnold Const. Co. v. Arizona Bd. of Regents,* 109 Ariz. 495, 512 P.2d 1229 (1973). The City argues that this court must look only to A.R.S. § 36–529 to determine whether the Phoenix Police Department is authorized to serve process arising under

that particular statutory section. We disagree. Statutory construction requires that provisions of a statute be read and construed in the context of related provisions and in light of its place in the statutory scheme. *Grant v. Board of Regents*, 133 Ariz. 527, 652 P.2d 1374 (1982).

■ Arizona Revised Statutes Title 36, Chapter 5, is Arizona's statutory law governing mental health services. Among the topics covered by the mental health statutes are court-ordered evaluation, A.R.S. § 36–520 to –531, and court-ordered treatment, A.R.S. § 36–533 to –544. Numerous sections of the statutes describe circumstances in which an allegedly mentally disordered person must be taken into custody and delivered to an evaluation or treatment agency, at the direction of the superior court or, in other instances, at the direction of specified personnel at the evaluation and treatment agencies. It is clear that the legislature intended for "peace officers" to perform the tasks of taking such persons into custody and transporting them where needed. See for example A.R.S. § 36–524, –525, –540 and –544. "Peace officers" are specifically defined in A.R.S. § 36–501(22) to mean "sheriffs of counties, constables, marshals and policemen of cities and towns." Clearly the term "peace officers" includes the officers of the Phoenix Police Department.

Arizona Revised Statutes § 36–529 is the statutory section under which the superior court determines whether to order evaluation of an allegedly mentally disordered person and/or to order detention of the person until he can be evaluated. The statute provides for three differing orders to issue from the court depending on the condition of the proposed patient. First, if the court determines that there is reasonable cause to believe that the proposed patient is, as a result of a mental disorder, a danger to self or others or gravely disabled, but that he is unlikely to present a danger to himself or others prior to his hearing, the court shall merely issue an order directing the proposed patient to submit to evaluation. This is described in the first sentence of § 36–529(A). Second, the court may also order that if the person does not or cannot so submit, that he be taken into custody by a "police officer" and delivered to an evaluation agency. This is described in the second sentence of § 36–529(A). Third, if the court determines that there is reasonable cause to believe that the proposed patient is, as a result of a mental disorder, a danger to himself or others or gravely disabled and that the person requires immediate or continued hospitalization prior to his hearing on court-ordered treatment, the court shall order the proposed patient taken into custody and evaluated at an evaluation agency. This is described in the first sentence of § 36–529(B).

The present case appears to be an example of the third situation, in which the court determined that the proposed patient needed immediate hospitalization prior to her hearing on court-ordered treatment. The City objects to the fact that the court ordered the Phoenix Police Department to serve copies of the order, the petition for evaluation and the notice of hearing on the proposed patient at the time it was ordered to take the patient into custody. Presumably the City would also object to its police officers being involved in the first situation described in which the patient would merely be served with an order rather than being taken into custody.

We find no merit in the City's position. Certainly the statute could have been drafted more precisely. For example, § 36–529(A) specifies that the proposed patient be taken into custody by a "police officer" instead of using the general term "peace officer" which is otherwise used throughout the statute. The statutory language in § 36–529(B) provides for the patient to be taken into custody without stating who is to take him into custody.

■ While the legislature could have taken more pains to insert the term "peace officer" in each instance that the statute directs an allegedly mentally disordered person to be taken into custody or transported, we find it clear from the statutory scheme that the legislature intended peace

officers to perform these tasks. Moreover, we find it clear that the legislature intended for peace officers to carry out all directives from the superior court described in the act which would normally be done by any kind of a peace officer, such as the service of process and notices pursuant to court order. The courts will avoid statutory interpretations that lead to absurd results which could not have been contemplated by the legislature. *Knoell Bros. Const., Inc. v. State Dept. of Revenue*, 132 Ariz. 169, 644 P.2d 905 (App.1982). We find it inconceivable that the legislature would have authorized the superior court to direct the Phoenix Police Department to take a proposed patient into custody but would have required that only the sheriff's office simultaneously serve that person with copies of the petition for evaluation, notice of hearing and court orders.

For the reasons stated herein, we uphold the ruling of the trial court. The superior court is authorized, pursuant to A.R.S. Title 36, Chapter 5, to direct peace officers, including the Phoenix police officers, to serve court orders and related documents arising under the statutes.

█ As a final matter we note that the County has included a request for costs and fees in its brief. Assuming that the County's request for fees means "attorney's fees," we note that no authority for such an award has been cited, see Rule 21(c), Arizona Rules of Civil Appellate Procedure, and the request is denied insofar as it relates to attorney's fees. The County may file its statement of costs pursuant to Rule 21, Arizona Rules of Civil Appellate Procedure.

Affirmed.

HAIRE, P.J., and KLEINSCHMIDT, J., concur.