■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD A. JEROME, JR., Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered January 12, 1987, convicting defendant upon his plea of guilty of the crime of attempted conspiracy in the second degree.

Defendant entered a negotiated plea of guilty to the crime of attempted conspiracy in the second degree, a class C felony, in full satisfaction of an indictment charging him and others with five class B felonies, two class A misdemeanors and one class B misdemeanor, arising out of the sale of cocaine. The crime of which he was convicted is punishable by a maximum term of 5 to 15 years' imprisonment. Defendant, who received no promises regarding the sentence to be imposed, was sentenced to a prison term of 4 to 12 years on his plea.

During the plea allocution, defendant admitted that he intended to "sell" or "distribute" the cocaine. We consider that admission sufficient to satisfy the intent element of the crime. Defendant's contention on this appeal, that the plea allocution lacked the showing of a sufficient factual basis because it did not reveal the person or persons to whom the

sale or distribution was to be made or the amount of the cocaine involved, lacks merit. Furthermore, after entering a knowing and voluntary plea, defendant does not have the right to challenge the factual basis underlying that plea *(see, People v Pelchat,* 62 NY2d 97) where no impropriety is apparent in the plea *(see, People v Taliaferro,* 109 AD2d 943, *lv denied* 66 NY2d 923).

Considering the nature and number of crimes charged and the fact that defendant did not receive the maximum sentence, we do not consider the sentence excessive. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Kane, J. P., Casey, Mikoll, Harvey and Mercure, JJ., concur.