846 P.2d 857

**STATE of Arizona, Appellee,**

v.

**David SANCHEZ, Appellant.**

**No. 1 CA–CR 91–0798.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 9, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Helene F. Abrams, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GERBER, Presiding Judge.

In this case, we must determine whether "attempted conspiracy" is a cognizable offense under Arizona law. We find that it is not and vacate defendant's judgment of convictions and sentences.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant David Sanchez (defendant) was indicted on two counts: possession of narcotic drugs for sale and conspiracy to sell narcotic drugs, both class 2 felonies. He pled guilty to attempted possession of narcotic drugs for sale and attempted conspiracy to sell narcotic drugs, both class 3 felonies enhanced by an allegation of a prior felony conviction. At the change of plea proceeding, he admitted that he acted as a middleman in the sale of heroin to an undercover police officer. He stated that, at the officer's request, he telephoned a source who agreed to supply him with heroin. Accompanied by the officer, he met his source at a parking lot where he obtained the heroin and transferred it to the officer for $20. He admitted that he had a prior conviction for possession of a narcotic drug. The court sentenced him to aggravated, concurrent terms of 9.5 years imprisonment on each count and imposed fines and surcharges of $2,800 on each count.

Sanchez filed a timely notice of appeal. His appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asking this court to search the record for fundamental error. Sanchez filed a supplemental brief *in propria persona*. He claimed he could not be convicted of multiple counts arising from the same incident and asked this court to overturn the conviction on count 2, attempted conspiracy to sell narcotic drugs. Subsequently, this court ordered the state and appellant's counsel to file briefs addressing the issue whether attempted conspiracy to sell narcotic drugs is a cognizable crime under Arizona's criminal code.

## ANALYSIS

▉ Both the state and defendant agree that attempted conspiracy is *not* a cognizable offense under Arizona law. However, we are not required to accept the state's confession of error. *State v. Stewart*, 3 Ariz.App. 178, 180, 412 P.2d 860, 862 (1966).

▉ At the change of plea proceeding, defendant admitted facts sufficient to establish his guilt of possession of narcotic drugs for sale and conspiracy to sell narcotic drugs. Ariz.Rev.Stat.Ann. ("A.R.S.") § 13–110 (1989) provides in part: "A person may be convicted of an attempt to commit a crime, although it appears upon the trial that the crime intended or attempted was perpetrated by the person in pursuance of such attempt...." This statute authorizes the reduction, via plea bargain, of a completed offense to an attempted offense. The attempted offense, however,

must be cognizable under Arizona law. In *State v. McClarity*, 27 Ariz.App. 571, 575, 557 P.2d 170, 174 (1976), we vacated a plea to an offense that, at the time of the plea, did not exist under our criminal statutes. We noted: "It is within the sole power of the Legislature to determine what acts constitute crime and to prescribe punishment for those acts.... We do not think that the judiciary can circumvent the legislative intent by permitting an appellant to plead guilty to a variety of acts and then later choose the act for which it will punish defendant." *Id.; see also State v. Stevens,* 452 So.2d 289, 290 (La.1984) (trial court cannot accept guilty plea to nonexistent offense). Furthermore, there are no common law crimes to which a defendant can plead; no common law crimes exist in this state. A.R.S. § 13–103.

A.R.S. § 13–1001 defines attempt.[1] No language in that statute explicitly prohibits the confluence of attempt and conspiracy in a single crime. Under the general definitional provision of Title 13, A.R.S., "offense" includes

> conduct for which a sentence to a term of imprisonment or of a fine is provided by any law of the state in which it occurred or by any law, regulation or ordinance of a political subdivision of that state....

A.R.S. § 13–105(20). Since conspiracy is an "offense" under this definition, *see* A.R.S. § 13–1003, it may be argued that it can be the subject of an attempt.

We believe that such an analysis fails to consider the fundamental difference between preparatory and substantive offenses. As we have noted:

Attempt, solicitation, conspiracy and facilitation are preparatory offenses. *See* A.R.S. §§ 13–1001, –1002, –1003, and –1004. Preparatory offenses are separate and distinct from substantive offenses. *See* LaFave & Scott, *Substantive Criminal Law,* § 6.1 (1986). Arizona created separate sentencing formats for these offenses. Furthermore, Arizona courts have recognized that conspiracy is a separate and distinct crime from the underlying substantive offense.

*State v. Tellez,* 165 Ariz. 381, 383, 799 P.2d 1, 3 (App.1989).

■ To determine the intention of the legislature as expressed in a statute, the court looks to the words, context, subject matter, effects and consequences, reason and spirit of the law. *City of Phoenix v. Superior Court,* 144 Ariz. 172, 175, 696 P.2d 724, 727 (App.1985). A close examination of A.R.S. § 13–1003,[2] which defines conspiracy, shows that "offense" in the context of a preparatory crime has a meaning narrower than its general definition. Within this statute, "offense" refers to the criminal object of the conspiratorial agreement—that is, to the intended substantive crime. Since we are required to construe a statute in "the context of related provisions and in light of its place in the statutory scheme," *City of Phoenix v. Superior Court,* 144 Ariz. at 176, 696 P.2d at 728, we find support for our conclusion that "offense" in the attempt statute refers to a substantive rather than to a preparatory offense.

---

1. The statute provides:
   A. A person commits attempt if, acting with the kind of culpability otherwise required for commission of an offense, such person:
   1. Intentionally engages in conduct which would constitute an offense if the attendant circumstances were as such person believes them to be; or
   2. Intentionally does or omits to do anything which, under the circumstances as such person believes them to be, is any step in a course of conduct planned to culminate in the commission of an offense; or
   3. Engages in conduct intended to aid another to commit an offense, although the offense is not committed or attempted by the other person, provided his conduct would establish

his complicity under chapter 3 if the offense were committed or attempted by the other person.

2. A. A person commits conspiracy if, with the intent to promote or aid the commission of *an offense,* such person agrees with one or more persons that at least one of them or another person will engage in conduct constituting *an offense* and one of the parties commits an overt act in furtherance of the *offense,* except that an overt act shall not be required if the object of the conspiracy was to commit any felony upon the person of another, or to commit *an offense* under § 13–1508 or § 13–1704. (Emphasis added.)

This interpretation is buttressed by language in A.R.S. § 13–1001(A)(2), defining attempt as "any step in the course of conduct planned to culminate in the commission of an offense." Construing "offense" in that sentence to include conspiracy would be absurd, since no course of criminal conduct is "planned to culminate" short of its ultimate object. *See City of Phoenix v. Superior Court*, 144 Ariz. at 177, 696 P.2d at 729 ("The courts will avoid statutory interpretations that lead to absurd results which could not have been contemplated by the legislature").

Our conclusion is that the preparatory offense of attempt does not apply to the preparatory offense of conspiracy. This conclusion also is supported by reference to the Model Penal Code, a source of the current Arizona statutes.[3] Appellate courts assume that the legislature that passed a statute based upon a model or uniform act intended to adopt the construction placed on the act by its drafters. *Arizona State Board of Medical Examiners v. Clark*, 97 Ariz. 205, 210, 398 P.2d 908, 912 (1965). Commentary to a uniform or model act is highly persuasive unless erroneous or contrary to settled policy in this state. *Valley National Bank of Arizona v. Avco Development Co.*, 14 Ariz.App. 56, 60, 480 P.2d 671, 675 (1971). We have relied on commentary to the Model Penal Code as persuasive authority in interpreting other provisions it has inspired. *See, e.g., State v. Galan*, 134 Ariz. 590, 592, 658 P.2d 243, 245 (App.1982); *State v. Womack*, 174 Ariz. 108, 846 P.2d 609 (App.1992).

The commentary to the attempt provision of the Model Penal Code states: "The Model Code applies to attempts to commit all *substantive* crimes without limitation." (Emphasis added.) Model Penal Code § 5.01 commentary at 363 (1985).[4] The commentary proceeds to explain why an attempt to commit a preparatory offense falls outside the code's scheme:

> One of the questions frequently litigated is whether there can be an attempt to attempt. As an abstract proposition of law, the construction has been condemned by a majority of cases considering the issue, and it seems as a matter of sound analysis that the construction is not necessary. An attempt to attempt can always be considered a more remote attempt to commit the same substantive crime, provided of course that the conduct is sufficient to meet the basic test of liability.

*Id.* (footnotes omitted). This analysis readily applies to the issue before us: an attempted conspiracy to sell narcotic drugs is properly prosecuted as an attempt to sell

---

**3.** In pertinent part, the Model Penal Code provides:

Section 5.01. Criminal Attempt.

(1) *Definition of Attempt.* A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he:

    (a) purposely engages in conduct that would constitute the crime if the attendant circumstances were as he believes them to be; or

    \*   \*   \*   \*   \*   \*

    (c) purposely does or omits to do anything that, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.

    \*   \*   \*   \*   \*   \*

(3) *Conduct Designed to Aid Another in Commission of a Crime.* A person who engages in conduct designed to aid another to commit a crime that would establish his complicity under Section 2.06 if the crime were committed by such other person, is guilty of an attempt to commit the crime, although the crime is not committed or attempted by such other person. Other states have enacted attempt statutes in accord with the Model Penal Code formulation. Haw.Rev.Stat. § 705–500 (1985); Ky.Rev.Stat. Ann. § 506.010 (Michie/Bobbs–Merrill 1990).

**4.** The commentary to Hawaii's codification of "inchoate" offenses, based upon the Model Penal Code, also draws the distinction between such crimes and "substantive" offenses:

> This chapter deals with conduct which is designed to culminate in the commission of a substantive offense but which fails to do so. The failure may be due to apprehension or intervention by law enforcement officials or it may be due to some other miscalculation on the part of the defendant. In this sense, attempt, solicitation and conspiracy are predominantly inchoate in nature and are grouped in this chapter for a unified and integrated treatment.

Haw.Rev.Stat. § 705–500, introductory commentary (1985).

narcotic drugs if the defendant's conduct and mental state "meet the basic test" of attempt liability. Attempted conspiracy, however, is not a cognizable offense.

Our conclusion also finds support from other jurisdictions which have determined that attempted conspiracy is not a crime. *See Hutchinson v. State,* 315 So.2d 546 (Fla.App.1975); *State v. Sexton,* 232 Kan. 539, 657 P.2d 43 (1983); *State v. Kihnel,* 488 So.2d 1238 (La.App.1986); *State v. Stevens,* 452 So.2d 289 (La.App.1984); *cf. Brown v. State,* 550 So.2d 142 (Fla.App. 1989) (no crime of attempted solicitation). The parties have not cited, nor have we located, any persuasive authority to the contrary.[5]

Pursuant to A.R.S. § 13–4035, we have reviewed the record for fundamental error and have found none other than the one discussed here. We reverse Sanchez's convictions and the sentences imposed. Pursuant to term four of the plea agreement, his plea of guilty is vacated and all original charges are reinstated. *State v. Draper,* 123 Ariz. 399, 401, 599 P.2d 852, 854 (App. 1979); *State v. Norris,* 113 Ariz. 558, 560, 558 P.2d 903, 905 (1976).

TOCI and KLEINSCHMIDT, JJ., concur.

---

[5] We note that New York cases allude to plea agreements to attempted conspiracy. *See, e.g., People v. Jerome,* 142 A.D.2d 889, 531 N.Y.S.2d 390 (1988). However, under New York law, a defendant may enter a plea to a "hypothetical" offense. *People v. Francis,* 38 N.Y.2d 150, 379 N.Y.S.2d 21, 341 N.E.2d 540 (1975).