927 P.2d 817

**ROGERS CORPORATION, a Massachusetts Corporation authorized to do business in Arizona, Plaintiff–Appellant,**

**v.**

**STATE of Arizona DEPARTMENT OF REVENUE; Maricopa County, a body politic and corporate; Tom Rawles, Jim Bruner, Betsey Bayless, Ed King, and Mary Rose Wilcox, as members of the Maricopa County Board of Supervisors; Pete Corpstein, in his capacity as Maricopa County Assessor; and Doug Todd, in his capacity as Maricopa County Treasurer, Respondents–Appellees.**

No. 1 CA–TX 95–0008.

Court of Appeals of Arizona, Division 1, Department T.

June 25, 1996.

Review Denied Nov. 19, 1996.

Munger & Munger, P.L.C. by John F. Munger and Mark E. Chadwick, Tucson, for Plaintiff–Appellant.

Grant Woods, Attorney General by Michael F. Kempner, and Ileen K. Keenan, and Frank Boucek, III, Assistant Attorneys General Attorneys, Phoenix, for Respondents–Appellees ADOR.

Macpherson & Migray by Ian A. Macpherson and Frank L. Migray, Phoenix, for Respondents–Appellees.

OPINION

GERBER, Judge.

Appellant Rogers Corporation (Rogers) appeals the tax court's grant of summary

---

judgment in favor of the Arizona Department of Revenue (ADOR). Rogers also appeals the tax court's denial of summary judgment in favor of Rogers and its dismissal of Rogers' petition for special action. The main issue on appeal is whether the tax court erred when it ruled that ADOR did not violate Arizona Revised Statutes Annotated (A.R.S.) section 42–221(B)(1991) requiring ADOR to timely ascertain and value Rogers' property. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Rogers owned secured personal property in Maricopa County. On March 15, 1992, the Maricopa County Tax Assessor (the Assessor) sent Rogers Form 82520 which required Rogers to list its property. Rogers returned this form on April 27, 1992. In August 1992, the Maricopa County Treasurer billed Rogers for 1992 taxes. Rogers' petition for special action requested a refund of personal property taxes for 1992. Both sides moved for summary judgment. The tax court entered summary judgment in favor of ADOR, denied Rogers' motion for summary judgment and implicitly denied Rogers' petition for special action. Rogers timely appealed. This court has jurisdiction pursuant to A.R.S. section 12–2101(B).

## ISSUE PRESENTED

Rogers raises several issues, but we address only the dispositive issue of whether the tax court erred when it held that ADOR did not violate A.R.S. section 42–221(B).

## ANALYSIS

■ Section 42–221(B) provides as follows:

Not later than October 31 each year the county assessor shall ascertain by diligent inquiry and examination all property in his county subject to taxation, and not otherwise provided by law to be valued by the department. He shall determine the names of all persons owning, claiming or having possession or control thereof and determine through the use of the manuals furnished and procedures prescribed by the department the full cash value of all such property, as of January 1 of the next year, and he shall list such property together with the valuation found for use on the roll.

Relying on this statute, Rogers contends that for ADOR to tax its personal property in 1992 for 1992 taxes, the Assessor had to ascertain it by October 31, 1991 and value it by January 1, 1992.[1] It urges us to rely on *Arizona Newspapers Association, Inc. v. Superior Court*, 143 Ariz. 560, 562, 694 P.2d 1174, 1176 (1985), where the Arizona Supreme Court held that a court need look no further than the language of the statute for evidence of legislative intent where the language does not readily yield differing interpretation.

ADOR responds that section 42–221(B) must be read in harmony with A.R.S. section 42–223(A)(1991) which provides that:

Every person owning or having charge or control of property in the state subject to property taxation to whom a form, notice or demand has been sent by the assessor, shall on or before May 1 of each year, except for property identified in subsection D, prepare and deliver to the assessor a correct list of such property. Failure to prepare and deliver the list shall result in a penalty of an additional ten percent added to the value of the property for the property tax year.

ADOR contends that reading both statutes together reveals the legislative intent that property for a given year will be ascertained and valued in that year. It argues that Rogers' interpretation of section 42–221(B) would require ADOR to ascertain personal property months before receiving the yearly list from each taxpayer.

■ We agree with ADOR. Whenever possible, this court adopts a construction of a

---

**1.** In *First Interstate Bank of Arizona v. State of Arizona Department of Revenue*, 185 Ariz. 433, 916 P.2d 1149 (App.1995), this court mentioned in passing that section 42–221(B) allows personal property on the secured roll to be taxed only if the taxpayer owned the property as of October 31 of the prior year. Having considered the matter more fully, we decline to follow that view here.

statute that harmonizes it with other statutes. *Achen–Gardner, Inc. v. Superior Court,* 173 Ariz. 48, 54, 839 P.2d 1093, 1099 (1992). Such construction is warranted here. The portions of section 42–221 referring to parcels of property indicate that the legislature intended this section to pertain to real property. Indeed, the 1994 revisions of section 42–221(B) explicitly refer to "real" property. *See* A.R.S. section 42–221(B)(Supp.1995). Because real property is not mobile, the Assessor can ascertain and value it year by year without a listing. Personal property, on the other hand, is mobile and readily transferrable. It requires a periodic listing such as that described in section 42–223(A).

Rogers' insular interpretation of section 42–221(B) generates more than a question of "timing" by allowing postponement of taxation of the property until the following year. This interpretation would exempt personal property from taxation for eight months of every year, from May 2 to December 31. The legislature undoubtedly would not have contemplated such a scheme without explicitly creating a statutory tax exemption. Ariz. Const. art. 9, § 2(6). Reading both sections 42–221(B) and 42–223(A) together avoids such an untoward result. *City of Phoenix v. Superior Court,* 144 Ariz. 172, 177, 696 P.2d 724, 729 (App.1985). The tax court properly found that ADOR did not violate section 42–221(B).

### CONCLUSION

Because the tax court properly found that ADOR did not violate section 42–221(B), Rogers was not entitled to a refund of personal property taxes for 1992. Nor is Rogers entitled to attorneys' fees at trial or on appeal. The tax court properly refused to grant Rogers' motion for summary judgment and granted summary judgment in favor of ADOR. It correctly denied Rogers' petition for special action.

SULT, P.J., and KLEINSCHMIDT, JJ., concur.