NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JAIMEE S., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, L.B., L.B., *Appellees*.

No. 1 CA-JV 14-0150
FILED 12-18-2014

---

Appeal from the Superior Court in Maricopa County
No. JD510726
The Honorable Aimee L. Anderson, Judge

**AFFIRMED**

---

COUNSEL

Robert D. Rosanelli, Phoenix
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge John C. Gemmill joined.

---

**W I N T H R O P**, Judge:

**¶1** Jaimee S. ("Mother") appeals the juvenile court's order terminating her parental rights to L.B. and L.B. (collectively, "the children"). Mother alleges the juvenile court erred when it found (1) Mother is unable to discharge her parental responsibilities due to a history of drug abuse and (2) Mother substantially neglected or willfully refused to remedy the circumstances that caused the children to be in an out-of-home placement.[1] For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** In January 2013, the Arizona Department of Economic Security ("ADES")[2] filed a dependency petition against both Mother and the children's biological father Shannon B. ("Father"). In April 2013, the court found the children dependent as to Mother and Father and approved ADES' case plan of family reunification concurrent with severance and adoption. In August 2013, the juvenile court found both parents were working toward family reunification and directed that the parents had "60 days to try and complete the services that they need to complete." At the following report and review hearing in October 2013, the juvenile court reprimanded the parents on their failure to engage in services, warning the parents "better step it up."

**¶3** Over Mother's objection, the juvenile court changed the case plan to severance and adoption in December 2013. In January 2014, ADES

---

[1] Mother does not appeal the juvenile court's finding that the termination of her parental rights serves the best interests of the children.

[2] In May 2014, Child Protective Services ("CPS") was removed as an entity within ADES and replaced by the Department of Child Safety ("DCS"), an entity outside of ADES. We refer to the parties as they existed at the time of the proceedings.

filed a motion for termination and alleged three specific grounds for termination of the parent-child relationship between the children and Mother.[3]  First, ADES asserted Mother was unable to discharge her parental responsibilities because of a history of chronic abuse of dangerous drugs and there were reasonable grounds to believe the condition will continue for a prolonged indeterminate period.  *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(3)(West 2014).[4]  Second, ADES alleged the children had been in an out-of-home placement for a cumulative total period of nine months or longer, pursuant to a court order.  *See id.* at § 8-533(B)(8)(a).  Last, ADES alleged the children, who are under three years old, had been in an out-of-home placement for a cumulative total period of six months or longer, pursuant to a court order.  *See id.* at § 8-533(B)(8)(b).  ADES also alleged the best interests of the children would be served by terminating the parent-child relationship.  *See id.* at § 8-533(B).

**¶4**        The juvenile court held a severance hearing on May 19, 2014. Mother's attorney stated Mother had decided not to contest the termination and wished to make a statement to the court.  Mother stated she understood what she had done with regard to the children, she was six months sober, and currently pregnant.  In addition, Mother explained:

> I could have had [the children] home a long time ago, you know, and it was my decision to keep going back doing drugs and keep going back and being like oh, you know, I can worry about this a couple months later, the next trial, the next court date, you know.  No, it doesn't work like that with two babies.

**¶5**        With the juvenile court's permission, Mother then left the hearing while her attorney remained to represent her interests.  During the hearing, a CPS case manager testified at length regarding the allegations in the motion to terminate and was cross-examined by Mother's attorney.  The CPS case worker provided specific factual information supporting the allegation that Mother was unable to discharge her parental responsibilities

---

[3]        Father did not contest the termination of his parental rights and is not a party to this case.

[4]        We cite the current version of the statutes if no revisions material to our decision have occurred since the relevant dates.

due to a history of dangerous substance abuse that will likely continue for an indeterminate period of time.[5] In addition, the CPS case manager indicated Mother had been offered several services, including participation in the SENSE program, TASC referrals, TERROS referrals, access to two parent aides, and a psychological exam, and that Mother's participation in these programs over the course of two years was "poor." The juvenile court found that the allegations in the motion for termination had been proven by clear and convincing evidence and terminated the parent-child relationship between Mother and the children. Mother timely appealed. We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9; A.R.S. § 8-235(A); and Rule 103(A) of the Arizona Rules of Procedure for the Juvenile Court.

**ANALYSIS**

**¶6**  Mother alleges the juvenile court erred when it found (1) Mother was unable to discharge her parental responsibilities due to a history of drug abuse and (2) Mother substantially neglected or willfully refused to remedy the circumstances that caused the children to be in an out-of-home placement. Mother contends neither finding is supported by substantial evidence in the record. We disagree.

**¶7**  In addition to proving the existence of a statutory ground for termination by clear and convincing evidence, it must also be shown that the ground for termination "somehow deprives the parent of the ability to effectively care for the child." *Maricopa Cnty. Juv. Action No. JS-6831*, 155 Ariz. 556, 558, 748 P.2d 785, 787 (App. 1988). Unless the juvenile court's findings are clearly erroneous, this court will not substitute our opinion for that of the juvenile court. *Pima Cnty. Dependency Action No. 93511*, 154 Ariz. 543, 545, 744 P.2d 455, 457 (App. 1987) (citation omitted).

**¶8**  In the present case, Mother alleges her previous substance abuse does not prevent her from discharging her parental responsibilities.[6]

---

[5]  The CPS case manager indicated that the children were born substance-exposed and that over approximately two years, Mother missed or tested positive on at least 60 out of 113 required urinalysis tests.

[6]  In its answering brief, ADES concedes that "there is insufficient evidence to sever Mother's parental rights under A.R.S. § 8-533(B)(3)." This court is not required to accept ADES' concession, and here, we decline ADES' admission, as ample evidence exists in the record to substantiate

Despite Mother's allegation, there is ample evidence in the record that substantiates the juvenile court's finding. Mother failed to participate in several services offered by ADES. Mother completed approximately fifty-one percent of her required urinalysis tests. Due in part to Mother's lack of compliance, Mother needed three separate referrals to TERROS.[7] Mother also failed to attend a scheduled psychological evaluation. Moreover, on appeal, Mother asserts she has been sober since September 2013, yet Mother failed to attend sixty-one percent of her scheduled visits with the children from September to December 2013. Based on the record before this court, the evidence supports the juvenile court's findings that Mother is unable to discharge her parental responsibilities due to a history of drug abuse. Mother's lack of participation in the services offered by ADES over the course of two years, coupled with her failure to point to any evidence other than her negative drug screenings "since November 2013," further support the juvenile court's finding that Mother's drug abuse deprives her of the ability to effectively care for the children.[8] *See Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 378, ¶ 25, 231 P.3d 377, 382 (App. 2010) (citation omitted) (holding where a parent's treatment history demonstrates the parent's inability to maintain sobriety, "there is little hope of success in parenting").

¶9 The juvenile court similarly did not err when it found Mother substantially neglected or willfully refused to remedy the circumstances that caused the children to be in an out-of-home placement. The record demonstrates that Mother acknowledged her inconsistent and ultimately failed attempts to stay sober, stating "I could have had them home a long

---

terminating Mother's parental rights under A.R.S. § 8-533(B)(3). *See State v. Sanchez*, 174 Ariz. 44, 45, 846 P.2d 857, 858 (App. 1993) (citation omitted).

[7] On one occasion, Mother's referral to TERROS closed when she attended NAC Guiding Star, a rehabilitation facility. The CPS case manager indicated, however, had Mother not attended rehabilitation, this TERROS referral may have then been closed due to lack of participation.

[8] While Mother has not tested positive for drugs since November 2013, she has missed three required urinalysis tests. A missed test is considered a positive test result. In addition, Mother's drug screenings past April 2014 are not contained in the record; thus, there is no way to verify the accuracy of this assertion. Moreover, there is nothing in the record to show Mother has found permanent employment or a stable living environment, which would assist in her ability to effectively care for the children.

time ago . . . it was my decision to keep going back doing drugs." Mother asserts on appeal "[d]rug use is not easily resolved, and cannot reasonably be accomplished in 6 or 9 months," however, Mother has had over two years to participate in ADES services designed to assist her in achieving a sober lifestyle. Mother's attempts to engage in the services offered by ADES were sporadic at best and the juvenile court did not err in terminating Mother's parental rights. *See Maricopa Cnty. Juv. Action No. JS-501568*, 177 Ariz. 571, 576, 869 P.2d 1224, 1229 (App. 1994) (stating "a trial court is well within its discretion in finding substantial neglect and terminating parental rights" when a party makes only sporadic attempts to correct the circumstances creating an out-of-home placement). On the record before us, we find no error, as the juvenile court's findings are supported by substantial evidence.

**CONCLUSION**

¶10        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: gsh