NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JENSEN EDWARD THOMAS, *Appellant*.

No. 1 CA-CR 15-0159
FILED 4-5-2016

Appeal from the Superior Court in Yuma County
No. S1400CR201300151
The Honorable Lawrence C. Kenworthy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Colby Mills
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Edward F. McGee
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Lawrence F. Winthrop joined.

---

**B R O W N**, Chief Judge:

**¶1**        Jensen Edward Thomas was convicted of possession of dangerous drugs for sale, a Class 2 felony (Count I), possession of dangerous drugs, a Class 4 felony (Count II), and possession of drug paraphernalia, a Class 6 felony (Count III).  He was sentenced to a mitigated 6-year term of imprisonment on Count I, a concurrent, presumptive 2.5-year term of imprisonment on Count II, and a 3-year term of probation on Count III, scheduled to commence upon his release.  Thomas argues he was wrongly convicted of Count II "because simple possession of dangerous drugs is a necessarily lesser-included offense of possession of dangerous drugs for sale."   The State agrees, but we are not bound by the State's confession of error.  *State v. Sanchez*, 174 Ariz. 44, 45 (App. 1993).  For the reasons that follow, we affirm Thomas' convictions and sentences.

**¶2**        On February 2, 2013, law enforcement officers were positioned outside Thomas' residence, waiting until he returned home to execute a search warrant on his residence and vehicle.  When Thomas arrived, the officers approached his truck with their weapons drawn and identified themselves.  Thomas was seated in the driver's seat with two female passengers, later identified as his girlfriend and her adult daughter.  After the officers informed Thomas they were there to execute a search of his property, he commented that "[w]hatever you find in the house is mine.  It's personal use.  It doesn't belong to the girls."  Moments later, after an officer read the warrant, Thomas added that "[t]here's going to be methamphetamine inside the residence—it's going to be personal use."

**¶3**        While executing the search warrant, the officers seized two separate portions of methamphetamine from Thomas' residence, one weighing 0.40 grams, found inside a green cup that was located in plain view in the living room, and the other weighing 13.3 grams, found in a hidden, locked "ammo" box (the key to the box was in Thomas' vehicle) located in a different room, as well as scales with a crystalline residue in plain view.  The officers also found two cell phones containing text

messages from a local telephone number that appeared to be requests to purchase drugs.

¶4        Thomas contends the State should not have been permitted to "segment the facts" and "assign[] some [facts] . . . to the possession for sale charge and the remainder to the simple possession charge." Specifically, Thomas argues "that the smaller quantity of drugs found in plain view were in all likelihood 'sales samples' or product that had been removed from the main stash for ready sale," and therefore the charges for both possession for sale and simple possession were multiplicitous.  As a corollary, Thomas further asserts that his convictions for both simple possession and possession for sale violate the double jeopardy protections set forth in the federal and state constitutions.  Because Thomas did not raise these arguments in the trial court, we review only for fundamental error.  *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005).  "Whether charges are multiplicitous is a matter of law, which we review de novo." *State v. Burns*, 237 Ariz. 1, 22, ¶ 83 (2015).  We likewise review de novo whether double jeopardy applies.  *State v. Siddle*, 202 Ariz. 512, 515, ¶ 7 (App. 2002).

¶5        A charging document is multiplicitous when the conduct underlying multiple charges constitutes a single offense rather than separate and distinct acts.  *See State v. Via*, 146 Ariz. 108, 116 (1985).  In a similar vein, the Double Jeopardy Clause "protects defendants against both multiple prosecutions and multiple punishments for the same offense." *State v. McGill*, 213 Ariz. 147, 153, ¶ 21 (2006) (internal quotation omitted).  Therefore, the dispositive issue before us on both of Thomas' claims is whether the simple possession and possession for sale counts for which he was charged and convicted constituted a single offense.

¶6        Thomas correctly notes that, when predicated on the same facts, "[p]ossession of drugs for personal use is a lesser-included offense of possession of drugs for sale."  *See Gray v. Irwin*, 195 Ariz. 273, 276, ¶ 12 (App. 1999).  Thus, we agree that if the officers had only seized the 13.3 grams of methamphetamine from the ammo box, or only the .40 grams inside the green cup, there would be insufficient evidence to support both charges.  The evidence presented at trial, however, supports both Counts I and II, namely, (1) Thomas' dual admissions, and self-serving statements, that any drugs found in the house were for his personal use, when considered together with the small quantity of methamphetamine found in the green cup in his residence (supporting the charge of simple possession), and (2) the larger quantity of methamphetamine found in the ammo box in

his residence, along with the scales and cell phone texts (supporting the charge of possession for sale).

¶7 Although much of the State's evidence related to Thomas' involvement in selling methamphetamine, the prosecutor noted that Thomas had "fallen on the sword" by admitting he possessed drugs for personal use. The State also presented evidence that the typical "street-level" sale quantity for personal use is one-tenth of a gram up to one gram, and therefore the 0.40 gram was consistent with personal use and the 13.3 grams were consistent with possession for sale. In his closing argument, the prosecutor argued that Thomas was both a "small-time" drug dealer and "a user," and urged the jury to convict Thomas of simple possession based on the drugs found in the green cup (0.40 gram), as well as possession of dangerous drugs for sale and possession of drug paraphernalia. Therefore, because discrete facts support each of those charges, we affirm Thomas' convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama