NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DENNIS L. DIKES, II, *Petitioner*.

No. 1 CA-CR 20-0217 PRPC
FILED 10-22-2020

Petition for Review from the Superior Court in Navajo County
No. S0900CR20010192
The Honorable Robert J. Higgins, Judge

**REVIEW GRANTED; REMANDED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Michael R. Shumway
*Counsel for Respondent*

Dennis Laprell Dikes, II, Florence
*Petitioner*

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge James B. Morse Jr. and Judge Maria Elena Cruz joined.

**M c M U R D I E**, Judge:

**¶1**　　　　Dennis L.[1] Dikes, II, seeks review of the superior court's summary dismissal of his successive petition for post-conviction relief ("PCR"). Dikes pled guilty in August 2001 to aggravated assault and escape in the first degree in cause number CR20010192 and escape in the second degree in cause number CR20010380 (both cases collectively, "2001 Cases").

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　On August 31, 2001, the court sentenced Dikes to presumptive and concurrent prison terms, the longest of which was 7.5 years. The court ordered those sentences to run consecutively to "any time" Dikes was serving in unrelated matters. Dikes expressly noted he would not get out of custody for "21 years."

**¶3**　　　　On September 12, 2012, Dikes filed a "Motion for Clarification and Order to Comply/Cases Consolidated Per Plea Agreement." In that motion, Dikes claimed the Arizona Department of Corrections ("DOC") increased his incarceration time to punish him for filing a grievance. The superior court denied the motion, finding Dikes' claim was based on a clerical error that DOC corrected.

**¶4**　　　　On November 23, 2015, Dikes filed another motion challenging his sentences. Specifically, Dikes argued he was entitled to 182 days of presentence incarceration credit. Treating the motion as a PCR petition, the superior court denied it as untimely.

**¶5**　　　　Over three years later, Dikes filed yet another motion, this time challenging the consecutive terms of community supervision imposed in the 2001 Cases and his other criminal matters. Dikes also claimed he was

---

[1] On the court's motion, the caption in this matter has been amended to include the use of Dikes' middle initial. This amended caption shall be used on any future filings.

"unlawfully imprisoned, deprived of due process and subjected to cruel and unusual punishment."[2] The superior court summarily denied the motion.

**¶6** Dikes then filed a PCR notice and petition ("Petition") on October 21, 2019. Dikes raised a claim under Rule 32.1(d) (2019),[3] arguing he was being held beyond the term of his sentence. *See* Ariz. R. Crim. P. 33.1(d) (a defendant who pled guilty and "continues to be or will continue to be in custody after his or her sentence expired" is entitled to post-conviction relief). According to Dikes and an exhibit attached to the Petition, his 7.5-year sentence in CR20010192 expired on October 3, 2019.

**¶7** On March 27, 2020, the superior court summarily dismissed the Petition as untimely. This petition for review followed.

## DISCUSSION

**¶8** Although some PCR claims must be raised within 90 days of sentencing, Rule 33.1(d) claims are timely if filed "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(b)(3)(A)–(B). The State concedes that the 18 days between the date Dikes' sentence purportedly expired and the date he filed the Petition is a "reasonable time" for purposes of Rule 33.4. Accordingly, the State agrees that the superior court abused its discretion by dismissing the Petition as untimely. *See State v. Jenkins*, 193 Ariz. 115, 118, ¶ 5 (App. 1998) (this court reviews the grant or denial of post-conviction relief for an abuse of discretion). The State requests this matter be remanded for the superior court to rule on the merits of Dikes' Rule 33.1(d) claim.

---

[2] According to the motion, Dikes was released on September 28, 2018, to begin community supervision and "was returned to confinement on [January 31, 2019]."

[3] Effective January 1, 2020, our supreme court amended the PCR rules. *State v. Botello-Rangel*, 248 Ariz. 429, 430, ¶ 1, n.1 (App. 2020). The amended rules apply to all cases pending on the effective date unless a court determines that "applying the rule or amendment would be infeasible or work an injustice." *Id.* Because there were no substantive changes to the respective rules related to this decision, we apply and cite to the current rules except where otherwise noted.

¶9        Although we are not required to accept the State's concession of error, *State v. Sanchez*, 174 Ariz. 44, 45 (App. 1993), we do so here because the State does not argue that an independent basis exists in the record to deny relief. *See State v. Wassenaar*, 215 Ariz. 565, 577, ¶ 50 (App. 2007) ("We may affirm on any basis supported by the record."). Accordingly, we accept the State's concession of error.

**CONCLUSION**

¶10        We grant review and remand this matter to the superior court to address the merits of Dikes' claim for post-conviction relief. We express no opinion on the proper disposition of the claim.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4