NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE GUARDIANSHIP OF E.C. and A.S.

No. 1 CA-JV 23-0173
FILED 2-27-2024

Appeal from the Superior Court in Maricopa County
No.  JD533269
The Honorable Marvin Davis, Judge

**VACATED  AND REMANDED**

COUNSEL

Denise L. Carroll, Scottsdale
*Counsel for Appellant Mother*

Arizona Attorney General's Office, Tucson
By Jennifer L. Thorson
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

**T H U M M A**, Judge:

¶1          Genesis S. (Mother) challenges an order denying her petition to revoke a permanent guardianship, arguing the superior court erred by not holding an evidentiary hearing addressing best interests. Conceding error, the Department of Child Safety (DCS) asks that the matter be remanded for the court to clarify the basis of its decision or hold an evidentiary hearing. Accepting the concession of error, the order is vacated, and this matter is remanded for the court to either hold an evidentiary hearing or otherwise explain the basis of its decision.

### FACTS AND PROCEDURAL HISTORY

¶2          Mother's minor children E.C. and A.S. were found dependent in 2020 and 2021, respectively. In August 2021, with Mother's support, the children's maternal aunt was appointed permanent guardian pursuant to Arizona Revised Statute (A.R.S.) Section 8-872 (2024).[1] In April 2023, as a self-represented party, Mother made a filing seeking the return of her children, construed as a request to revoke guardianship. *See* A.R.S. § 8-873. The court then appointed counsel for Mother.

¶3          At a June 2023 status conference, the court ordered DCS to "conduct an immediate investigation into the [children's] living situation to determine if the revocation of the guardianship is in the [children's] best interest," to investigate possible visitation with Mother, to prepare a written report of those investigations and provide a copy of that report to all parties. The court set an August 2023 status conference to address the DCS report.

¶4          At that August 2023 status conference, the court stated it had considered a report from DCS. Both DCS and the children's guardian ad litem (GAL) objected to revoking the guardianship. Mother disagreed and

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

asked the court to set the matter "for an evidentiary hearing." The court asked if there was "any reason to believe that this matter could not be ruled on based upon the pleadings and oral argument here today?" The relevant pleading on file was Mother's April 2023 petition seeking return of the children. DCS and the GAL repeated their positions that the guardianship should remain in place, while Mother's counsel stated, "we do need to have presentation of evidence" to address best interests, "[s]o we are asking for a full evidentiary hearing." The court then stated that, "based on the statements made here today, based on what's been filed, I'm going to deny the request to revoke the guardianship," adding that the DCS report "doesn't suggest or conclude that it's in the best interest of the children to have that guardianship revoked."

¶5             After the court's ruling, Mother stated "I don't understand why this is going on when my son's getting physically abused from the (indiscernible) . . . I don't understand why you guys are doing this." The court responded that Mother should "speak with your counsel on that issue." This court has jurisdiction over Mother's timely appeal of that denial pursuant to A.R.S. §§ 8-235, 12-120.21(A)(1) and -2101(A) and Ariz. R.P. Juv. Ct. 601-03.

## DISCUSSION

¶6             Mother argues she was entitled to an evidentiary hearing on her request to revoke the guardianship. By rule, at a status conference like the one conducted here, unless it orders the preparation of further reports or continues the hearing, the court may "set a contested hearing if a party objects to the petition." Ariz. R. P. Juv. Ct. 349(e)(3). After such an evidentiary hearing, the court may rule on the petition, including granting it if petitioner "proves a change of circumstances by clear and convincing evidence and the revocation is in the child's best interest." A.R.S. § 8-873(C). In this case, it was uncontested that there was a change of circumstances, leaving open whether revocation was in the children's best interests.

¶7             The court appears to have made its best interests ruling on the DCS report, which was not received as an exhibit and is not part of the record on appeal. DCS concedes on appeal that, because "it is unclear from the record" whether that report "contained disputed issue of material fact, this Court should remand the matter to the juvenile court for it to either clarify that there were no disputed issues of material fact in DCS's court report that necessitated a hearing or hold an evidentiary hearing if there were disputed issues of fact in the report." Although this court is not required to accept this concession of error, *State v. Sanchez*, 174 Ariz. 44, 45

(App. 1993), particularly given that the children's best interests are at issue, the court does accept this concession of error in this case.

## CONCLUSION

¶8        The order denying Mother's request for revocation of guardianship is vacated. This case is remanded for the superior court to hold an evidentiary hearing where, among other things, Mother can offer evidence supporting her request and contest DCS' court report, or to articulate the undisputed material facts on which it bases its finding without an evidentiary hearing.



AMY M. WOOD • Clerk of the Court
FILED:   AA