## Commonwealth v. Underkoffler

*Edward G. Biester*, district attorney, for Commonwealth.

*William C. Freed*, for defendant.

BOYER, J., April 25, 1938.—Defendant was charged with, and tried for, the offense of operating a motor vehicle while under the influence of intoxicating liquor. The jury returned a verdict of not guilty of the offense as charged but guilty of an attempt to commit the same, whereupon this motion for a new trial was filed.

The reasons filed in support of the motion include the usual formal reasons and the additional reasons; that a defendant who is found not guilty of this offense cannot be convicted of an attempt to commit it; and second, that there was no evidence to sustain the verdict of an attempt to commit the offense. There is no merit in the first reason above referred to. Section 50 of the Act of March 31, 1860, P. L. 427, specifically provides that on the trial of any person charged with any felony or misdemeanor, the defendant may be found "not guilty of the felony or misdemeanor charged, but is guilty of an attempt to commit the same". This provision is very broad in its terms and includes all felonies and misdemeanors. No reason has

been pointed out to the court why this particular misdemeanor should be excepted from the provisions of that act. We have found no decision, nor even any intimation, in any reported case that any felony or misdemeanor is exempt from its provisions. A separate indictment or count charging attempt is not required: Commonwealth v. George, 12 Pa. Superior Ct. 1.

The second reason is the only one pressed at argument and upon which defendant relies; namely, whether the evidence supported the verdict. The pertinent evidence in the case was to the effect that on the afternoon of December 4, 1937, defendant had delivered coal in a truck and that sometime during the day he had been drinking liquor as a result of which he became intoxicated. An officer testified that he saw defendant drive the truck into an alley; that he followed and stopped him at a barn; that he went to the truck and opened the door, whereupon defendant fell out in an intoxicated condition; that he, the officer, reached into the truck and turned the ignition key, thereby stopping the engine which he said had been running. The evidence as to the intoxication was overwhelming and partly admitted by defendant. Defendant, however, denied that he at any time operated the truck or started the engine while he was in that condition. He admitted that he was under the influence of liquor; that while in that condition he intended to move the truck; that in order to carry out that intention he climbed into the truck and seated himself behind the steering wheel; that before he could start the engine, the officer took him from the truck. On this testimony the court charged the jury that if defendant was intoxicated and while in that condition decided to operate the truck, "and with that intention got into the truck, behind the wheel, for the purpose of operating it, then he would not be guilty of the offense charged," but might be found guilty of an attempt to commit the offense. The court also fully defined the meaning of an attempt to commit an offense. The court also said:

"We say to you that if you find that defendant did not actually move it, or operate it, but that he tried to . . . that is, that he took some action toward it . . . then he might be convicted of an attempt to commit the offense."

Defense counsel contends that the getting into the driver's seat behind the steering wheel for the purpose of moving the truck was not an act done toward the commission of the offense, but admitted that if he had turned the ignition key or started the engine, it would have been an attempt. We fail to see why this arbitrary distinction should be drawn between the various acts necessary to be done in order to carry out the criminal intent. Defendant admitted his intoxicated condition and admitted his intent to operate the truck before he had entered the truck. He also admitted that he entered it and sat behind the steering wheel for the purpose of carrying that intent into effect. Under the general principles relating to attempt and all the decisions, the taking of the first necessary steps toward carrying out the intent is sufficient to constitute the attempt. In 16 C. J. 113, 114, sec. 93, it is stated:

"The accused must take at least one step beyond preparation, by doing something directly moving toward and bringing him nearer the crime he intends to commit . . . [Commonwealth v. Eagan, 190 Pa. 10]. The act relied upon need not be an act which is ordinarily a part of the criminal transaction itself, but may be one which, although somewhat remote, leads up to it. . . .

"The term 'act,' however, is to be liberally construed, and whenever the design of a person to commit crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt."

Under these principles we are convinced that defendant's climbing into the truck and seating himself behind the steering wheel was the first of a series of acts necessary to the carrying out of the intent and the completion of the offense. We are satisfied that for an intoxicated person to enter an automobile and seat himself behind

186

the steering wheel in furtherance of the previously formed intention of operating the car is an attempt to operate it in violation of the act.

This question, however, is largely academic, inasmuch as the jury might reasonably have found from the testimony of the police officer that defendant had actually started the engine of the truck when he was arrested. With this additional act committed in part performance of the crime there could be no question as to the sufficiency of the evidence to sustain the verdict.

Now, April 25, 1938, the motion ·is dismissed and a new trial is refused. Defendant is directed to appear in this court for sentence on or before Monday, May 2, 1938.