[No. F005447. Fifth Dist. Dec. 28, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE ANTHONY LESARA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Facts and parts I, III and IV.

**COUNSEL**

Frank O. Bell, Jr., and Harvey R. Zall, State Public Defenders, under appointment by the Court of Appeal, Julia Cline Newcomb, Jessica Kahn McGuire and Gregory J. Roussere, Deputy State Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Robert D. Marshall and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MARTIN, Acting P. J.—Appellant, Jose Anthony Lesara, was charged by amended information with rape "by means of force or fear of immediate unlawful bodily injury" in violation of Penal Code section 261, subdivision (1)[1] (count I); sodomy by "force, violence, duress, menace and fear of immediate and unlawful bodily injury" in violation of section 286, subdivision (c) (count II); oral copulation by "force, violence, duress, menace and fear of immediate and unlawful bodily injury" in violation of section 288a, subdivision (c) (count III); assault by means of force likely to cause great bodily injury in violation of section 245.2 (count IV); the unlawful taking or driving of a 1982 GMC truck in violation of Vehicle Code section 10851 (count V); and attempting to unlawfully take or drive a red 1969 Toyota sedan in violation of section 664 and Vehicle Code section 10851 (count VI). In addition, an enhancement pursuant to section 12022.8 was alleged as to counts I, II and III while section 12022.7 was alleged as to count IV.

A jury trial commenced on August 20, 1984. A motion to suppress statements made by the accused was denied. A defense motion pursuant to section 1118.1 to dismiss the section 12022.8 enhancement as to counts II and III was granted. A motion by the prosecution to dismiss the enhancement pursuant to section 12022.7 as to count IV was also granted. The prosecution successfully moved to amend the information modifying the charging language in counts I, II and III from "force and fear" to "force or fear." The jury returned verdicts of guilty on all counts and a finding that the enhancement allegation as to count I was true.

On February 15, 1985, appellant was sentenced to state prison for the consecutive middle terms of six years on count I, six years on count II, six years on count III and four years on count IV pursuant to section 667.6. Appellant also received one-third the base term, eight months, on count V, and four months on count VI. An additional five years were imposed for the infliction of great bodily injury incident to the crime charged in count I. Appellant's total term is 28 years, with a total of 471 days prejudgment custody credits. Appellant filed a timely notice of appeal.

FACTS*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

---

[1] All statutory references are to the Penal Code unless otherwise indicated.
*See footnote, *ante*, page 1304.

Discussion

I. Appellant's Pretrial Statements*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

II. Appellant's Right to a Representative Cross-section of the Community in His Jury

Prospective Juror Zaragoza was excused for cause because he possessed insufficient knowledge of the English language. He stated he could not read, speak or understand the English language except for "a little bit." Subdivision (3) of section 198 of the Code of Civil Procedure provides in pertinent part that "[a] person is competent to act as a juror if he or she is . . . [p]ossessed of sufficient knowledge of the English language." ▮ Appellant contends this statute and its application to prospective Juror Zaragoza denied his right to an impartial jury under section 16 of article I of the California Constitution, i.e., one that is drawn from " 'a representative cross-section of the community.' (*People* v. *Wheeler* (1978) 22 Cal.3d 258, 266.)"

In particular, it is appellant's contention that a defined group of persons, i.e., " 'insufficient' English-speaking citizens, may be denied representation on juries in California by virtue of that fact alone."

▮ It is well settled that the right to trial by a jury drawn from a representative cross-section of the community is guaranteed equally and independently by the Sixth Amendment to the federal Constitution and by article I, section 16, of the California Constitution. (*People* v. *Wheeler* (1978) 22 Cal.3d 258, 272 [148 Cal.Rptr. 890, 583 P.2d 748]; *People* v. *White* (1954) 43 Cal.2d 740, 748-754 [278 P.2d 9].)

In *Thiel* v. *Southern Pacific Co.* (1946) 328 U.S. 217 [90 L.Ed. 1181, 66 S.Ct. 984, 166 A.L.R. 1412], the court said: "The American tradition of trial by jury, considered in connection with either criminal or civil proceedings, necessarily contemplates an impartial jury drawn from a cross-section of the community. [Citations.] This does not mean, of course, that every jury must contain representatives of all the economic, social, religious, racial, political and geographical groups of the community; frequently such complete representation would be impossible. But it does mean that prospective jurors shall be selected by court officials without systematic and

---

* See footnote, *ante*, page 1304.

intentional exclusion of any of these groups." (*Id.* at p. 220 [90 L.Ed. at pp. 1184-1185].) The court further explained that "[r]ecognition must be given to the fact that those eligible for jury service are to be found in every stratum of society. Jury competence is an individual rather than a group or class matter. That fact lies at the very heart of the jury system. To disregard it is to open the door to class distinctions and discriminations which are abhorrent to the democratic ideals of trial by jury." (*Ibid.*)

In *Smith* v. *Texas* (1940) 311 U.S. 128 [85 L.Ed. 84, 61 S.Ct. 164], a state conviction of a Black defendant was reversed on equal protection grounds upon a showing that Blacks had been systematically excluded from grand jury service. Justice Black stated for a unanimous court: "It is part of the established tradition in the use of juries as instruments of public justice that the jury be a body truly representative of the community. For racial discrimination to result in the exclusion from jury service of otherwise qualified groups not only violates our Constitution and the laws enacted under it but is at war with our basic concepts of a democratic society and a representative government." (*Id.* at p. 130, fn. omitted [85 L.Ed.2d at p. 86].)

Other cognizable groups found improperly excluded were women (*Ballard* v. *United States* (1946) 329 U.S. 187 [91 L.Ed. 181, 67 S.Ct. 261]), all women not members of the state League of Women Voters (*Glasser* v. *United States* (1942) 315 U.S. 60 [86 L.Ed. 680, 62 S.Ct. 457]), daily wage earners (*Thiel* v. *Southern Pacific Co., supra,* 328 U.S. 217), and ex-felons (*Rubio* v. *Superior Court* (1979) 24 Cal.3d 93 [154 Cal.Rptr. 734, 593 P.2d 595]).

Appellant relies, inter alia, on *Rubio* v. *Superior Court, supra,* at pages 98-99. In *Rubio,* our Supreme Court found ex-felons to be a cognizable group because "as a whole [ex-felons] have had the experience of being deprived of their personal liberty by the state and, upon their return to the community, of being stigmatized both publicly and privately because of their former status." (*Id.* at p. 98.) The court determined that the experience of being excluded from the political process by the government and being the victims of official and unofficial discrimination tended to unify the group by giving its members a shared perspective on life in our society. "In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury-selec-

tion process." (*Duren* v. *Missouri* (1979) 439 U.S. 357, 364 [58 L.Ed.2d 579, 586-587, 99 S.Ct. 664].)

It is the defendant's burden to make a prima facie showing of constitutional invalidity, the first step of which is to establish that a "distinctive" or "cognizable" group in the community has been improperly excluded. The members of the group "must share a common perspective arising from their life experience in the group, i.e., a perspective gained precisely because they are members of that group." (*Rubio* v. *Superior Court, supra,* 24 Cal.3d 93, 98.)

■ Appellant argues it is "apparent that 'insufficient' English speaking citizens are a cognizable group. Speaking broken English in California is the characteristic that gives the group its definite composition. These citizens share a common perspective on human events arising from their common life experience. Non-English-speaking citizens represent the same sort of 'discrete and insular minority' as other groups declared 'cognizable' for jury selection purposes. The entire social history of non-English speaking citizens, from educational segregation to the imposition of legal disabilities underlines the fact that these citizens have been thought of as a distinct class by the rest of society."

In our view, appellant's argument is unpersuasive and must fail. There has been no showing that non-English-speaking citizens "act as a class" or "share a common perspective." Nor is the exclusion of "insufficient" English-speaking citizens abhorrent to the "democratic ideals of trial by jury." (*Thiel* v. *Southern Pacific Co., supra,* 328 U.S. 217, 220 [90 L.Ed. 1181, 1184].) Their exclusion is not an arbitrary one. "The States remain free to prescribe relevant qualifications for their jurors and provide reasonable exemptions so long as it may be fairly said that the jury lists or panels are representative of the community." (*Taylor* v. *Louisiana* (1975) 419 U.S. 522, 538 [42 L.Ed.2d 690, 702, 95 S.Ct. 692].) However, it requires a significant state interest which is "manifestly and primarily advanced by those aspects of the jury-selection process, such as exemption criteria, [which] result in the disproportionate exclusion of a distinctive group." (*Duren* v. *Missouri, supra,* 439 U.S. 357, 367-368, fn. omitted [58 L.Ed.2d 579, 589].) *Duren* notes that exemptions based on special hardship, *incapacity,* or community needs are reasonable and that it is unlikely that such exemptions " 'would pose substantial threats that the remaining pool of jurors would not be representative of the community.' " (*Duren, supra,* at p. 370 [58 L.Ed.2d at p. 591], quoting *Taylor* v. *Louisiana, supra,* 419 U.S. at p. 534 [42 L.Ed.2d at p. 700].)

As respondent notes, to adopt appellant's reasoning, each individual juror with insufficient knowledge of English would require personal interpret-

ing in order to understand the testimony and it is not unlikely that each interpreter required to be present would be translating in a different language. The interpreter(s) would have to sit next to the juror imposing an unacceptable burden on other jurors. Furthermore, since an interpreter could not be relied on to contemporaneously translate the jury instructions, the court would be required to commission a translation in the juror's own language and would likely have to hire one or more experienced lawyers fluent in the juror's language to assure the accuracy of the translation. In addition, all instructions would have to be prepared in written form in the language of each non-English-speaking juror.

Appellant counters that this argument is unpersuasive because the Legislature has seen fit to allow individuals with certain disabilities, i.e., loss of sight or hearing in any degree, necessitating the use of interpreters, to be jurors. Section 198, subdivision (2), of the Code of Civil Procedure provides: "A person is competent to act as juror if he or she is . . . [i]n possession of his or her natural faculties and of ordinary intelligence, provided that no person shall be deemed incompetent solely because of the loss of sight or hearing in any degree or other disability which substantially impairs or interferes with the person's mobility . . . ."

It seems to us that compliance with the above-quoted subdivision would not prove an unreasonable burden on other jurors since an interpreter for the hearing impaired would most likely use sign language and therefore be silent and a blind person would not require an interpreter for the oral testimony, arguments and jury instructions. The blind person would only need special assistance for exhibits and documentary evidence. Thus, appellant's counterargument based on this subdivision does not overcome the substantial interest of the state in avoiding the necessity of one or more interpreters translating from English into the juror's or jurors' particular tongue. In our view, there is a more "significant state interest" in excluding jurors who require English language interpreters than in excluding those jurors who require sign language interpreters. Therefore, we conclude that subdivision (3) of section 198 of the Code of Civil Procedure requiring the exclusion of potential jurors who do not possess sufficient knowledge of English is not unconstitutional; appellant was not denied his right to a representative cross-section of the community in his jury.

### III., IV.*

. . . . . . . . . . . . . . . . . . . . . . . .

The judgment of conviction is affirmed. The matter is remanded to the trial court for resentencing in its entirety in accordance with our analysis and conclusions set forth in parts III and IV of this opinion.

Best, J., and Ardaiz, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 20, 1989.

---

*See footnote, *ante*, page 1304.