Opinion
HINZ, J.
Appellant was convicted of attempted driving under the influence. (Pen. Code, § 664; Veh. Code, § 23152, subd. (a).) The sole issue raised on appeal is whether this offense exists under California law.
We first consider the language and intent of the penal statutes governing attempted crimes. Pursuant to Penal Code section 664,[1] “Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows: ...” (Italics added.) Section 1159 provides: “The jury, or the judge if a jury trial is waived, may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense. ” (Italics added.) These sections clearly apply to attempted crimes that are not specifically made punishable by provisions of the Penal Code.
Construction of the language of sections 664 and 1159 is governed by section 4. Section 4 provides that the provisions of the Penal Code “are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice.” The fair import of the phrase “any crime” as used in section 664 is that the provision is not limited in its *Supp. 3 application to crimes made punishable by the Penal Code. Section 1159 likewise contains no language limiting its application to crimes made punishable by the Penal Code.
The attempt provision is equally applicable, for example, to crimes made punishable by the Health and Safety Code. In People v. Siu (1954) 126 Cal.App.2d 41 [271 P.2d 575], the defendant was convicted of an attempt to violate Health and Safety Code section 11500 (now Health & Saf. Code, § 11350) (possession of narcotics). In People v. Meyer (1985) 169 Cal.App.3d 496, defendant was convicted of an attempted violation of Health and Safety Code section 11104 (sale of methylamine). The attempt statute also applies to violations of the Vehicle Code. For example, in People v. Lesara (1988) 206 Cal.App.3d 1304 [254 Cal.Rptr. 417] and In re Curt W. (1982) 131 Cal.App.3d 169 [182 Cal.Rptr. 266], the defendants were convicted of attempted unlawful taking of a vehicle.
In People v. Meaders (1983) 148 Cal.App.3d 1155, 1159 [197 Cal.Rptr. 1], the court succinctly stated the purpose of the attempt statute as follows: “And it cannot be doubted that the purpose of the law of attempt is both to penalize conduct which would have been harmful if not fortuitously prevented, and to permit intervention by law enforcement personnel before the harm has occurred.”
Some states have made attempted driving under the influence a crime by specific statute. (See, e.g., Kan. Stat. Ann. § 8-1567 (1987); Me. Rev. Stat. Ann. tit. 29, § 1312 (1988); Md. Transp. Code Ann. tit. 21, § 21-902 (1957-1987); N.H. Rev. Stat. Ann. § 265:82 (supp. 1988); Vt. Stat. Ann. tit. 23, § 1201 (1987).) The statutes of these states establish that there is no legal infirmity in punishing attempted driving under the influence.
Cases from other jurisdictions also support the existence of the crime of attempting to drive while under the influence. (See, generally, 61A CJ.S, Motor Vehicles, § 630, pp. 356-357; 7A Am.Jur.2d, Automobiles & Highway Traffic, § 300 p. 484; Annot. (1956) 47 A.L.R.2d 570, 590, § 8.) The most instructive case is Commonwealth v. Underkoffler (1938) 32 Pa. D. & C. 183. In this Pennsylvania case, defendant was charged with the offense of operating a motor vehicle while under the influence of alcohol. Defendant was found not guilty of this offense, but guilty of an attempt to commit the offense.
The court held that the attempt statute was “very broad in its terms and includes all felonies and misdemeanors.” (Commonwealth v. Underkoffler, supra, 32 Pa. D. & C. at p. 183, italics added.) The court observed, “No *Supp. 4 reason has been pointed out to the court why this particular misdemeanor should be excepted from the provisions of that act. We have found no decision, nor even any intimation, in any reported case that any felony or misdemeanor is exempt from its provisions. A separate indictment or count charging attempt is not required: [citation].” (Id. at pp. 183-184.)
Appellant has cited no authority for the proposition that attempted driving under the influence is not a crime in California. Given the clear and unambiguous language of sections 664 and 1159, attempted driving under the influence is a crime under California law.
Appellant did not raise the issue of the sufficiency of the evidence in this case. The sole contention on appeal is that attempted driving under the influence is not a California crime. It is obvious from a review of the evidence why appellant did not raise the issue of its sufficiency.
The officers first saw appellant’s vehicle stopped in the number one or fast lane with its flashers on. One officer asked appellant what was wrong, but she did not respond. He noticed that her car was rolling backward and told her to put the brake on. Appellant just stared out of the window of her automobile as she was rolling backward. Appellant was trying to start the vehicle. The car was in neutral, and the engine was turning over. The vehicle continued to roll as she attempted to start the car. The officer told her to put the brake on a second time. At that point appellant put the gear shift into the park position and the car immediately stopped.
Based on her poor performance on the field sobriety tests at the scene, the officer formed the opinion that appellant was under the influence. The two breath tests each registered a blood-alcohol level reading of .13 percent. Based on appellant’s conduct, all the tests and the officer’s opinion, it is clear that she was under the influence. Finally, appellant testified that if she had started the car, she would have driven it home.
With respect to the element of “driving,” “a ‘slight movement’ of the vehicle constitutes direct evidence that the vehicle was being ‘driven.’ [Citation.]” (People v. Wilson (1985) 176 Cal.App.3d Supp. 1, 8 [222 Cal.Rptr. 540].) Two police officers testified that appellant’s vehicle rolled 15 to 20 feet in their presence. This was sufficient evidence that appellant “drove” the vehicle.
There was also circumstantial evidence that appellant drove the car to the location in which it was found by the arresting officer. “[T]he element of ‘driving’ may ... be established at trial through circumstantial evidence . . . . [Citations.]” (People v. Wilson, supra, 176 Cal.App.3d at p. Supp. 9.)
*Supp. 5 In People v. Wilson, supra, police officers found defendant’s vehicle parked at an angle on the shoulder of a freeway. A portion of the vehicle was in the number three lane of the freeway. The engine was running, the lights were on, and the vehicle was in park. Defendant, the sole occupant of the vehicle, was asleep behind the steering wheel. The court found there was sufficient circumstantial evidence that defendant drove the vehicle to the location in which it was found. (176 Cal.App.3d at pp. Supp. 7-8.)
In People v. Hanggi (1968) 265 Cal.App.2d Supp. 969 [70 Cal.Rptr. 540], the defendant was found “seated in his automobile, which was located roughly in the center of a street, across both the east and westbound lanes at an angle. Defendant was seated in the driver’s seat clutching the steering wheel and apparently unconscious. The engine of the vehicle was running and the headlights were on. No other persons were about.” (Id. at p. Supp. 971.) The court found “that there was ample evidence from which the jury could have inferred that the defendant had been driving his vehicle . . . .” (Id. at p. Supp. 972.)
Similarly, in the present case, appellant, the sole occupant of the vehicle, was found seated behind the steering wheel. The vehicle was located in the number one or fast lane. Appellant had the key in the ignition, the gear in neutral, and was attempting to start the car. The engine was continually turning over. This was sufficient evidence from which the jury could have inferred that appellant drove the vehicle to the location at which it was found by the arresting officer.
In conclusion, we observe that appellant’s conviction of attempted driving under the influence is a more lenient determination than might otherwise have been the result.
In concluding that attempted driving under the influence is a crime in California, we are not unmindful that there might be troublesome questions which will have to be resolved in later cases. In some instances there might be anomalous results.
For instance, driving under the influence is a general intent crime, making it unnecessary that there should exist an intent to violate the law. All that is necessary is that a person must intentionally do that which the law declares to be a crime. An attempt on the other hand requires a specific intent to commit the crime. (People v. Franquelin (1952) 109 Cal.App.2d 111, 783 [241 P.2d 651].) We can envision a situation in which a person who is mildly under the influence would be capable of forming the requisite specific intent to commit attempted driving under the influence, but a person who is severely intoxicated would be incapable of forming such intent.
*Supp. 6 Other problems might be encountered in prosecutions of this crime. Some might lead to results that are unexpected or that seem to be inconsistent. Such problems, of course, are not before us and must await appropriate cases for their resolution or possible legislative clarification.
The judgment is affirmed.
Margolis, P. J., and Roberson, J., concurred.

Unless otherwise indicated, all further statutory references are to the Penal Code.