945 P.2d 1334

STATE of Arizona, John L. Bryant and Richard L. Sanchez, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF NAVAJO, the Honorable Thomas L. Wing, a judge thereof, Respondent.

No. 1 CA–SA 97–0141.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 14, 1997.

**204**

Melvin R. Bowers, Jr., Navajo County Attorney by Stephen D. Alfrey, Deputy County Attorney, Holbrook, for Petitioner State of Arizona.

Myrna J. Parker, Navajo County Public Defender by David H. Howarth, Deputy Public Defender, Holbrook, for Petitioner John L. Bryant.

Dale Nielson, Navajo County Alternate Defender, Holbrook, for Petitioner Richard L. Sanchez.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Division, Joseph T. Maziarz, Assistant Attorney General, Phoenix.

## OPINION

EHRLICH, Presiding Judge.

John L. Bryant and Richard L. Sanchez asked us to review by special action the trial court's rejection of their plea agreements. The Navajo County Attorney joined their petition. By previous order, we accepted jurisdiction. The Arizona Attorney General then filed a brief addressing the issues raised by the petitioners upon further order of this court. We now decide two issues: Whether attempted aggravated driving while under the influence of intoxicating liquor or drugs ("DUI") is a cognizable offense and, if so, whether ARIZ.REV.STAT. ANN. ("A.R.S.") section 28–692(C)(1) (Supp.1996) prohibits the state from entering an agreement with a defendant to plead guilty to that offense. For the reasons discussed below, we conclude that a person may plead guilty to attempted aggravated DUI and we therefore grant the relief sought by the petitioners.

## DISCUSSION

This case stems from the trial court's refusal to accept proffered plea agreements between Bryant and Sanchez, respectively, and the Navajo County Attorney. Each agreement provided that the named defendant would plead guilty to an amended charge of attempted aggravated DUI, a class 5 felony, pursuant to A.R.S. sections 28–697 (Supp.1996), 28–692(A)(2) (1996 Supp.) and 13–110 (1989). The court rejected the agreements for two reasons: Attempted aggravated DUI is not an offense recognized under Arizona law and the state is prohibited from dismissing a DUI charge in return for a plea of guilty to any other offense. This special action followed.

### A. Special-action Jurisdiction

█ We accepted jurisdiction because there is no remedy by appeal, Ariz. R.P. Spec. Actions 1, and "to correct a plain and obvious error committed by the trial court." *E.g., State ex rel. Romley v. Superior Court,* 184 Ariz. 409, 410, 909 P.2d 476, 477 (App. 1995). This case additionally is appropriate for special-action jurisdiction because our opinion resolves a purely legal question of statewide significance. *E.g., Lee v. Superior Court,* 173 Ariz. 120, 121, 840 P.2d 296, 297 (App.1992).

### B. Attempted Aggravated DUI

█ The state may obtain a conviction for an attempted offense although it could prove the completion of the offense. A.R.S. § 13–110; *State v. Sanchez,* 174 Ariz. 44, 45, 846 P.2d 857, 858 (App.1993). Obviously, the attempted offense also "must be cognizable under Arizona law," *id.* at 45–46, 846 P.2d at 858–59, and, indeed, "an 'attempt' is generally recognized as being part of the completed offense." *State v. Lammie,* 164 Ariz. 377, 379, 793 P.2d 134, 136 (App.1990).

█ The offense of DUI is defined in A.R.S. section 28–692:

A. It is unlawful for any person to drive or be in actual physical control of any

vehicle within this state under any of the following circumstances:

1. While under the influence of intoxicating liquor, [or] any drug ... if the person is impaired to the slightest degree.

Although the phrase "actual physical control" was not defined by the legislature, it has been held to apply in certain situations to a person who, at the time, was not "driving or otherwise putting a vehicle in motion." *State v. Love,* 182 Ariz. 324, 326, 897 P.2d 626, 628 (1995). *Compare State v. Webb,* 78 Ariz. 8, 274 P.2d 338 (1954) (defendant guilty of DUI when found asleep inside a truck which was stopped in a traffic lane with its engine running) *with State v. Zavala,* 136 Ariz. 356, 666 P.2d 456 (1983) (defendant not guilty of DUI when found asleep inside truck which was stopped in an emergency lane with key in ignition but engine not running). The question whether the defendant was in "actual physical control" is one to be decided by the fact-finder based upon the totality of the circumstances surrounding the incident. *Id.* at 326–28, 897 P.2d at 628–30.

A person is guilty of aggravated DUI in accordance with A.R.S. section 28–697(A) if, "while under the influence of intoxicating liquor or drugs, [ ] the person does either of the following:"

1. Commits a violation of § 28–692 or this section while the person's driver's license or privilege to drive is suspended, cancelled, revoked, or refused, or the person's driver's license or privilege to drive is restricted as a result of violating § 28–692....

2. Commits a third or subsequent violation of § 28–692 or this section ... within a period of sixty months.

█ "Attempt" is defined by A.R.S. section 13–1001 (1989):

A. A person commits attempt if, acting with the kind of culpability otherwise required for commission of an offense, such person:

1. Intentionally engages in conduct which would constitute an offense if the

attendant circumstances were as such person believes them to be; or

2. Intentionally does or omits to do anything which, under the circumstances as such person believes them to be, is any step in a course of conduct planned to culminate in commission of an offense;

. . . .

An action must be beyond mere preparation to constitute an attempt. *Lammie,* 164 Ariz. at 381, 793 P.2d at 138.

█ Attempted aggravated DUI thus requires proof that the defendant, while under the influence of intoxicating liquor or drugs, took any step beyond mere preparation and toward driving or being in actual physical control of a motor vehicle. Additionally, there must be a finding that the defendant knew or should have known that his license was suspended, cancelled, revoked or refused or that his privilege to drive was restricted. *State v. Freeland,* 176 Ariz. 544, 550, 863 P.2d 263, 269 (App.1993) (A.R.S. section 28–692.02 renumbered section 28–697). A conviction for attempted aggravated DUI thus could result from findings by the trier-of-fact that the defendant (1) under the influence of intoxicating liquor or drugs (2) while his license was suspended, cancelled, revoked or refused or his privilege to drive was restricted (3) had taken a step beyond mere preparation and toward actual physical control of a vehicle without achieving actual physical control of the vehicle. Attempted aggravated DUI therefore is a cognizable offense.[1]

*C. A.R.S. section 28–692(C)(1)*

█ Having concluded that attempted aggravated DUI is a cognizable offense, we address the issue whether the DUI statute, A.R.S. section 28–692, prohibits a reduction of a charge of violating section 28–697, aggravated DUI, to a charge of attempted aggravated DUI. The relevant portion of section 28–692 states:

C. The state shall not dismiss a charge of violating *this section* for either of the following:

1. In return for a plea of guilty or no contest to *any other offense* by the person charged with the violation of this section.

(Emphasis added.)

The Navajo County Attorney's position is that A.R.S. section 28–692(C) "does not prevent pleas of guilty to lesser included offenses," but the Arizona Attorney General takes the opposite position. The state argues that the rules of statutory construction compel the conclusion that, because section 28–692(C)(1) prohibits dismissal of a DUI charge in exchange for a guilty plea to "any other offense," the statute accordingly prohibits the dismissal of a charge of aggravated DUI in violation of section 28–697 in exchange for a guilty plea to attempted aggravated DUI. We disagree with the state because it ignores the specific legislative language limiting the applicability of section 28–692(C) to "this section."[2]

The clear language of a statute is given its usual meaning unless an absurd or impossible consequence would result. *E.g., In re Marriage of Gray,* 144 Ariz. 89, 695 P.2d 1127 (1985); *Escalanti v. Superior Court,* 165 Ariz. 385, 387, 799 P.2d 5, 7 (App.1990); *see also Estate of Hernandez v. Bd. of Regents,* 177 Ariz. 244, 249, 251, 866 P.2d 1330,

---

1. The trial court relied upon *Sanchez,* in which case we held that "attempted conspiracy" is not a cognizable offense because both attempt and conspiracy are preparatory offenses. 174 Ariz. at 47, 846 P.2d at 860. Attempted aggravated DUI, however, is not the joinder of two preparatory offenses; aggravated DUI is a completed, substantive offense. *Sanchez* is inapplicable.

Some states have made attempted DUI a crime by specific statute. *E.g.,* KAN. STAT. ANN. § 8–1567 (1996); MD.CODE ANN., TRANSP. § 21–902 (1996); VT. STAT. ANN. tit. 23, § 1201 (1996). In other

states, it is a matter of case law. *E.g., State v. Martin,* 116 N.H. 47, 351 A.2d 52 (1976); *People v. Garcia,* 214 Cal.App.3d Supp. 1, 262 Cal.Rptr. 915 (1989); *Commonwealth v. Underkoffler,* 32 Pa. D. & C. 183 (1938).

2. We express no opinion whether A.R.S. section 28–692(C)(1) precludes the state from dismissing a DUI charge in return for a plea of guilty to attempted DUI.

1335, 1337 (1994). The state implicitly argues that the prohibition in A.R.S. section 28–692(C)(1) extends beyond the reach of the DUI statute and applies to the aggravated DUI statute, section 28–697, such as to preclude reducing a charge of aggravated DUI to a charge of attempted aggravated DUI. However, the prohibition in section 28–692(C)(1) is expressly limited to a dismissal of a charge of violating that section. Nothing in the language of section 28–697 is equally specific so as to prohibit a dismissal of a charge of violating that section either outright or in exchange for a plea of guilty to another charge, including that of attempted aggravated DUI. While this may appear to some to be an anomalous result, we cannot say that it is absurd or impossible. Rather, it reflects a policy determination of the legislature, perhaps based on a consideration of degrees of culpability and appropriate punishment, a judgment which it and not this court is entitled to make.

## CONCLUSION

The trial court erred when it rejected the proffered plea agreements on the bases that there is no cognizable offense of attempted aggravated DUI in Arizona and its application of A.R.S. section 28–692(C)(1). Its order and this court's order staying further trial court proceedings are vacated, and these cases are remanded for proceedings consistent with this opinion.

WEISBERG and GRANT, JJ., concur.