907 So.2d 554 (2005)
Ernst MOLLENBERG, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-3975.
District Court of Appeal of Florida, Fifth District.
June 24, 2005.
Rehearing Denied July 27, 2005.
*555 James S. Purdy, Public Defender, Daytona Beach, and Joseph A. Palmer, Assistant Public Defender, DeLand, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Mollenberg appeals his conviction for driving under the influence. This Court has discretionary jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(A) because the county court certified the following question as one of great public importance:
Is a defendant in a DUI trial entitled to a jury instruction on the category 2 lesser included offense of attempt where the evidence adduced at trial shows
1. The defendant was driving a motor vehicle.
2. Breath tests indicate breath alcohol level of .043 and .051 g/210L.
3. The defendant performed poorly on field sobriety exercises.
4. Urine tests indicate the presence of controlled substances but not the amounts.
We answer the certified question in the negative and affirm Mollenberg's conviction.
Mollenberg was charged with DUI and driving while license suspended or revoked. At trial, Mollenberg did not dispute that he was driving, but claimed that he was not impaired. On the impairment element, the evidence conflicted. Volusia County Sheriff's Deputy Crane observed Mollenberg run two stop signs and a red light. Crane activated his emergency lights and siren but Mollenberg failed to stop. When he finally pulled over, Mollenberg struck some mail boxes on the side of the road. Mollenberg had bloodshot eyes, slurred speech, an odor of alcohol and performed poorly on field sobriety tests.
Mollenberg also admitted taking more than the prescribed amount of Lorazepam because his blood pressure was up. A urine test revealed the presence, but not the quantity, of Nordiazepam, Oxazapam, Lorazepam (Ativan), Alprazolam (Xanax) and Alphahydroxyalprazolam. All of these drugs are benzodiazepines, or central nervous system depressants, used to treat anxiety. They are not used to treat high blood pressure. Someone under the influence of these drugs would exhibit the same type of cognitive and psychomotor symptoms as under alcohol. Taking multiple types of these drugs and alcohol would have an additive effect, causing impairment.
*556 However, Mollenberg's breath test results were only .043 and .051 grams per 210 liters of breath. Mollenberg admitted having one drink prior to driving.
At the charge conference, defense counsel requested an instruction on attempt. The trial court denied this request on the ground that the evidence showed a completed crime. The jury found Mollenberg guilty as charged. The trial court denied Mollenberg's motion for new trial and certified the above question as one of great public importance.
The lower court's certified question can be rephrased as follows: Is a defendant entitled to an instruction on attempted DUI where it is undisputed that the defendant was driving but conflicts as to whether he was impaired? There are no Florida opinions at the district or supreme court level discussing attempted DUI.[1]
Mollenberg argues that attempt applies to the impairment element of DUI, contending that where there is some, but not conclusive evidence of impairment, a jury is entitled to consider that evidence as an "act in furtherance" and find the defendant guilty of attempted DUI. He admits that if his argument is accepted, "it follows then that a person who drinks and drives can be convicted of an attempt even if he is not impaired, or if impairment is not conclusively proven."
The State argues that such a result would punish innocent conduct. We agree. Under Mollenberg's construction, someone who drinks a beer or a glass of wine at a restaurant and then drives home could conceivably be charged with attempted DUI. Such a construction violates the principle of overbreadth. See, e.g., State v. Tirohn, 556 So.2d 447 (Fla. 5th DCA 1990). As DUI is a general intent crime, the Legislature has demarcated the line between criminal and non-criminal behavior by requiring impairment. Mollenberg is attempting to redraw this line contrary to the Legislature's intent.
Mollenberg also argues that the attempt instruction should have been given purely on the basis of his rights to have the jury instructed on his theory of the case and to allow the jury to exercise its pardon power. He cites to two out-of-state cases in *557 which he asserts that convictions for attempted DUI were upheld as a "pure matter of lenity." See People v. Garcia, 214 Cal.App.3d Supp. 1, 262 Cal.Rptr. 915 (1989); Com. v. Underkoffler, 32 Pa. D. & C. 183 (Pa.Quar.Sess.1938). Mollenberg misreads these cases. Neither Garcia nor Underkoffler relied on the principle of lenity. Instead, both cases involved situations where it was undisputed that the defendant was intoxicated and intended to drive, but there was conflicting evidence on the driving element. On these facts, the courts upheld convictions for attempted DUI.
In dictum, the Garcia court noted an additional problem with the concept of attempted impairment, stating,
In concluding that attempted driving under the influence is a California crime, we are not unmindful that there might be troublesome questions which will have to be resolved in later cases. In some instances there might be anomalous results. For instance, driving under the influence is a general intent crime, making it unnecessary that there should exist an intent to violate the law. All that is necessary is that a person must intentionally do that which the law declares to be a crime. An attempt on the other hand requires a specific intent to commit the crime. (People v. Franquelin (1952) 109 Cal.App.2d 777, 783, 241 P.2d 651.) We can envision a situation in which a person who is mildly under the influence would be capable of forming the requisite specific intent to commit attempted driving under the influence, but a person who is severely intoxicated would be incapable of forming such intent.
262 Cal.Rptr. at 918. In other words, a defendant would arguably be entitled to argue the affirmative defense of voluntary intoxication might apply to attempted DUI, a specific intent crime, but not to DUI, a general intent crime.
More importantly, the concepts of lenity, jury pardons and being instructed on one's theory of defense all have the same prerequisite in Florida. They all require that there be some evidence of a lesser offense before the jury can be instructed on it. See Fla. R.Crim. P. 3.510(a). In the instant case, the trial court found that there was no evidence of attempt because it was undisputed that Mollenberg was driving. The evidence of impairment, or partial impairment, is irrelevant because we conclude that attempt does not apply to the impairment element.
Accordingly, we answer "No" to the certified question and affirm Mollenberg's conviction for DUI. We hold that there can be no attempted DUI where the driving element is conceded because attempt does not apply to the impairment element. Our holding makes it unnecessary for us to accept the State's invitation to decide the broader question of whether the crime of attempted DUI exists at all in Florida. That question was not certified by the lower court.
CERTIFIED QUESTION ANSWERED IN THE NEGATIVE; CONVICTION AFFIRMED.
SHARP, W., and THOMPSON, JJ., concur.
NOTES
[1] The trial court relied on State v. Power, 10 Fla. L. Weekly Supp. 637 (Fla. 7th Cir.Ct.2003), which was binding precedent on it. In Power, the circuit court reversed a county court order granting a new trial for failure to give a requested instruction on attempted DUI. At trial, the defendant admitted driving after having consumed four beers. The circuit court reasoned that "the evidence indicates a completed crime and that there is no evidence on these facts to support an attempt." Id.; see also Morrison v. State, 10 Fla. L. Weekly Supp. 685 (Fla. 17th Cir.Ct.2003) (affirming denial of requested attempt instruction upon finding "no evidence presented to support a finding of guilt on the lesser-included offense").

In Langbaum v. State, 12 Fla. L. Weekly Supp. 46 (Fla. 17th Cir.Ct.2004), the defendant was observed stopped by the side of the road with the driver's door open in a disoriented and incoherent state. He testified that while driving, he had an anxiety attack and took prescription Xanax pills. Thereafter, he began to feel nauseous and pulled off to the side of the road. The trial court refused his request for an attempt instruction and he was convicted of DUI. On appeal, the defendant argued that the lower court should have given an attempted DUI instruction because his theory of the case was that a jury could have found that the defendant was driving under the influence but something intervened to end his control of the vehicle prior to such influence affecting him to the point of impairment. The circuit court affirmed, finding that "the evidence on its face shows that prior to pulling his car over, he was being affected such that his normal faculties were impaired." Id. Thus, the Langbaum case was decided on the narrow ground of lack of evidence rather than the broader issue of whether attempt even applies to the impairment element.