NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVE ALLEN LAPORTE, *Appellant.*

No. 1 CA-CR 22-0257
FILED 2-1-2024

Appeal from the Superior Court in Apache County
No.  S0100CR201900388
The Honorable Michael D. Latham, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED FOR
RESENTENCING**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Hamblin Law Office, PLC, Eagar
By Bryce M. Hamblin
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Michael J. Brown and Judge Andrew M. Jacobs joined.

_____

**G A S S**, Chief Judge:

¶1         Dave Allen LaPorte appeals his convictions and sentences for three crimes: second-degree murder, abandonment or concealment of a dead body, and tampering with physical evidence. LaPorte challenges his convictions based on the admission of evidence of other acts. We affirm his convictions. We requested supplemental briefing on sentencing issues. We vacate the sentences on all three convictions and remand for resentencing.

## FACTUAL AND PROCEDURAL HISTORY

¶2         This court reviews the facts in the light most favorable to sustaining the jury verdicts, resolving all reasonable inferences against LaPorte. *See State v. Felix*, 237 Ariz. 280, 283 ¶ 2 (App. 2015).

I.    **The jury convicted LaPorte of three felonies, including second-degree murder.**

¶3         On October 29, 2019, LaPorte was in a bad mood after his son rolled a vehicle LaPorte had recently rebuilt specially for him. Through the afternoon and evening LaPorte argued with his wife. During their argument, LaPorte's wife left the house and sat in her truck for nearly an hour. While she was in her truck, LaPorte stepped outside briefly with a handgun in his pants pocket and looked around before going back inside. He came out again, appearing intoxicated, and threw chunks of concrete toward a casita on the property where he thought his wife might be. Shortly after LaPorte went back inside, his wife went back into the house.

¶4         About 30 minutes later, LaPorte came outside a third time, again with the handgun in his pants pocket. He made obscene gestures toward the sky and walked back and forth outside the house, at times removing the gun from his pocket and carrying it in his hand. At 7:50 p.m., he left in his truck, returning not ten minutes later after damaging it in a location on the way to where he would discard his wife's body. LaPorte and his wife were the only two at the house.

2

**¶5** Sometime between 7:15 p.m. and 9:00 p.m., neighbors heard a gunshot nearby. The shot was fired by the handgun LaPorte had been holding earlier. The gun went off in the living room where he and his wife were close to each other. The bullet entered LaPorte's wife's head in front of her right ear, continued downward, and came to rest inside her neck, killing her instantly. At 8:13 p.m., LaPorte's wife's phone received a text from LaPorte's phone. The text read, "I found your phone, B/N Hello?"

**¶6** LaPorte hid the handgun under a sandbag in the backyard and the used shell casing under nearby artificial turf. He tried to clean the bloodied living-room carpet but finally cut out the soiled piece, replaced it with a patch of new carpet, and rearranged a rug and furniture to try to conceal the remaining blood. He hid the bloodied carpet and padding under the artificial turf along with the shell casing. He used a moving blanket to drag his wife's body into her truck and drove the body to where he dumped it in a ditch by the side of a road.

**¶7** The next day, LaPorte approached his neighbor, a police officer, for help to find his "missing" wife. The officer started an investigation after seeing what he suspected was blood on LaPorte's and his wife's trucks and the damage to LaPorte's truck. LaPorte eventually told officers where to find his wife's body and admitted to replacing the carpet and hiding the evidence, though he maintained the shooting had been an accident or suicide.

**¶8** Over LaPorte's objection, the superior court allowed the State to present evidence of two of LaPorte's earlier acts. First, in 2004 LaPorte repeatedly disconnected the home phones to prevent his daughter from calling her mother. Second, in 2006 LaPorte took his ex-girlfriend's cell phone and pulled the landline out of the wall so she could not call the police. The 2004 incident led to a conviction, but the 2006 incident did not.

**¶9** After a ten-day trial, the jury returned three guilty verdicts. Though the State charged LaPorte with first-degree murder, the jury convicted him of the lesser-included offense of second-degree murder. It also returned guilty verdicts for abandonment or concealment of a dead body and tampering with physical evidence.

**II.** **The superior court relied on an alleged historical prior felony and considered other aggravating factors and mitigating factors to decide LaPorte's sentences.**

**¶10** At the sentencing hearing, the State alleged LaPorte had a prior felony conviction for aggravated driving under the influence (DUI).

3

LaPorte did not object. Though the alleged aggravated DUI conviction was more than 10 years old, the State asserted it could be used to sentence LaPorte as a category-two repetitive offender for the abandonment or concealment of a dead body and tampering with physical evidence convictions. These felony convictions are often called "forever priors" because they can be used to enhance sentencing even for acts committed more than 10 years later. *See* A.R.S. § 13-703. Again, LaPorte did not object.

¶11 The State submitted, and the superior court admitted, a certified copy of the conviction during the sentencing hearing. Even so, the copy inadvertently was not entered into the record. At our request, the parties supplemented the record on appeal with a copy of the conviction. As it turned out, the conviction was for *attempted* aggravated DUI, not aggravated DUI, and was an undesignated felony.

¶12 The jury neither was asked to find nor found any aggravating circumstances. And LaPorte did not plead to any aggravating circumstances. Even so, the superior court said, "[T]he trier of fact as well as the State have established aggravating factors," specifically "the use of a deadly weapon."

¶13 The superior court then found additional statutory aggravating circumstances by a preponderance of the evidence: use of a deadly weapon, the especially heinous nature of the crime, and the emotional and financial harm to the victim's immediate family. *See* A.R.S. § 13-701.D.2, 5, 9. The superior court also found non-statutory aggravating circumstances: LaPorte's propensity for violence toward women and his lack of remorse.

¶14 Based on all those aggravating circumstances and some mitigating factors, the superior court sentenced LaPorte to "the maximum amount of time . . . under the law" for all three convictions.

¶15 This court has jurisdiction over LaPorte's timely appeal under article VI, section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21.A.1, 13-4031, and 13-4033.A.1.

## DISCUSSION

### I. Any error in admitting the other-acts evidence was harmless.

¶16 At trial, the State argued LaPorte's other acts involving his daughter and ex-girlfriend related to his taking his wife's phone "so she [could not] call 911." On appeal, LaPorte argues the superior court erred

when, over his objection, it allowed the State to present evidence of the two other phone-related acts of domestic violence. The State argues the superior court did not err by admitting the other-act evidence and argues any error was harmless because overwhelming evidence of guilt existed and because the other acts were less egregious than the charged crime of murder.

**¶17**     When a criminal defendant raises an issue on which the superior court allegedly ruled erroneously, "this court reviews for harmless error." *State v. Bible*, 175 Ariz. 549, 588 (1993). Error is harmless if this court can say beyond a reasonable doubt the error "did not contribute to or affect the verdict." *Id.* The question is whether the guilty verdict was "surely unattributable" to the error. *Id.* (citation omitted). "Under harmless error review, the State bears the burden of proof." *State v. Arias*, 248 Ariz. 546, 555 ¶ 31 (App. 2020).

**¶18**     The superior court admitted evidence of LaPorte's other acts under Rule 404(b)'s *modus operandi* exception. *See* Ariz. R. Evid. 404(b)(2). Evidence of a defendant's other acts is not admissible at trial to show conformity with that person's character. Ariz. R. Evid. 404(b)(1); *see State v. Garcia*, 96 Ariz. 203, 205 (1964). But a party may seek to admit other-act evidence for permitted purposes, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b)(2).

**¶19**     For the superior court to admit other act evidence: (1) the evidence must be "factually or conditionally" relevant, (2) the State must prove the defendant committed the act by clear and convincing evidence, (3) the State must offer the evidence for a proper purpose, and (4) the probative value of the evidence must outweigh the potential for unfair prejudice. *State v. Vigil*, 195 Ariz. 189, 191 ¶ 14 (App. 1999); *State v. Gulbrandson*, 184 Ariz. 46, 60 (1995).

**¶20**     When the superior court admits evidence of other acts, the objecting party must have a chance to request a limiting instruction. *See* Ariz. R. Evid. 105; *see also Gulbrandson*, 184 Ariz. at 60. The superior court gave a limiting instruction, telling the jury to consider the other acts only if the State proved by clear and convincing evidence LaPorte committed them. The court instructed the jury to consider the other acts only "to establish the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident." It also instructed the jury not to consider the other acts "to determine the defendant's character or character trait, or to determine that the defendant acted in conformity

with the defendant's character or character trait, and therefore committed the charged offense."

¶21        Still, LaPorte argues the unfair prejudice of introducing evidence of his other acts substantially outweighed the evidence's probative value. "Unfair prejudice means an undue tendency to suggest decision on an improper basis . . . such as emotion, sympathy or horror." *State v. Schurz*, 176 Ariz. 46, 52 (1993) (citation omitted). "Rule 403 weighing is best left to the trial court and, absent an abuse of discretion, will not be disturbed on appeal." *State v. Spencer*, 176 Ariz. 36, 41 (1993). When the other-act evidence is less egregious than the charged acts, the other-act evidence is less likely to be unfairly prejudicial. *See* Ariz. R. Evid. 403; *State v. Vega*, 228 Ariz. 24, 29–30 ¶ 21–24 (App. 2011).

¶22        Assuming, without deciding, the superior court erred by admitting evidence of LaPorte's other acts, any error was harmless because other overwhelming evidence pointed to his guilt. *See State v. Copeland*, 253 Ariz. 104, 116 ¶ 27 (App. 2022) (noting admission of evidence can be harmless when other "overwhelming" evidence points to the defendant's guilt). Surveillance video showed LaPorte with the handgun that fired the fatal shot in his possession when he was alone with his wife at home. LaPorte admitted to hiding the evidence, disposing of his wife's body, and at first lying to police. He maintained the killing was an accident or suicide, but his shifting explanations for his wife's death contradicted the evidence.

¶23        And the superior court's admission of evidence of the other acts was not prejudicial because that evidence did not cause the jury to render a guilty verdict based on "emotion, sympathy or horror." *See State v. Herrera*, 232 Ariz. 536, 548 ¶ 32 (App. 2013) (citation omitted). The State charged LaPorte with first-degree murder, but the jury found LaPorte guilty of the lesser charge of second-degree murder. The jury finding LaPorte guilty of a lesser offense suggests the evidence of his other acts did not prejudice the jury's verdict because the jury did not convict on all charges, including the most serious. *See id.*

¶24        The less egregious nature of LaPorte's evidenced other acts as compared to the charged act—murder—also suggests the other-act evidence did not prejudice the verdict. *See Herrera*, 232 Ariz. at 548–49 ¶ 30; *Vega*, 228 Ariz. at 29–30 ¶ 21–24 (noting lower risk of unfair prejudice when other acts were "far less egregious" than the charged acts). This court cannot attribute the jury's verdict to the admission of evidence of LaPorte's other acts because his taking other victims' phones to prevent them from calling for help does not compel the conclusion LaPorte shot his wife.

**¶25**    Any error by admission of other-act evidence was harmless.

## II.    LaPorte's sentences for all three convictions exceeded the length allowed by law.

**¶26**    The superior court must impose a sentence "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *State v. Martinez*, 210 Ariz. 578, 582 ¶ 12 (2005) (quoting *Blakely v. Washington*, 542 U.S. 296, 303 (2004)) (emphasis omitted). The only exception is for prior felonies, which "the court shall determine." A.R.S. § 13-701.D.11 (providing court determines previous felony convictions within ten years before the charged offense).

**¶27**    At sentencing, LaPorte did not object when the superior court used the prior felony as the foundation for imposing the maximum sentence for the second-degree murder conviction and enhanced category-2 sentences for the abandonment of a dead body and evidence tampering convictions. And LaPorte did not raise these sentencing issues on appeal.

**¶28**    A defendant who does not object to a perceived error at trial waives review of the issue other than for fundamental error. *State v. Henderson*, 210 Ariz. 561, 567 ¶ 19 (2005). Though LaPorte did not timely raise the issue, Arizona's appellate courts consistently review a defendant's sentence for fundamental error. *See State v. Smith*, 219 Ariz. 132, 136 ¶ 20 (2008). And when a sentencing procedure deprives a defendant of the right to have a jury find certain facts beyond a reasonable doubt, that deprivation goes to the foundation of the case and constitutes fundamental error. *Henderson*, 210 Ariz. at 568 ¶ 25. Because an illegal sentence is inherently prejudicial, "[a]n illegal sentence constitutes fundamental error." *State v. Forde*, 233 Ariz. 543, 574 ¶ 137 (2014).

### A.    LaPorte's attempted aggravated DUI conviction cannot be used to aggravate or to enhance his sentences.

**¶29**    The State concedes it was error to use LaPorte's attempted aggravated DUI conviction to impose the maximum sentence for the second-degree murder conviction and to sentence LaPorte as a category-2 offender for the abandonment of a dead body and evidence tampering convictions.

**¶30**    The superior court could not sentence LaPorte to the maximum sentence for the second-degree murder conviction unless the trier of fact—the jury—found the State had proved beyond a reasonable doubt at least one aggravating circumstance or unless the court determined

LaPorte had a prior felony conviction less than 10 years old. A.R.S. § 13-701.C, D.11. Because the prior conviction was more than 10 years old, it could not be used as an aggravating circumstance to impose a maximum sentence for the second-degree murder conviction. *See* A.R.S. § 13-701.D.11.

**¶31** The superior court also could not sentence LaPorte as a category-2 repetitive offender for the abandonment of a dead body and evidence tampering convictions unless the court found LaPorte had a historical prior felony conviction. *See* A.R.S. § 13-703. If he had a historical prior felony conviction, the superior court could then sentence him to an aggravated sentence as a category-2 offender for those two convictions only if the record supported at least two statutory aggravating circumstances. A.R.S. § 13-701.D; *State v. Allen*, 248 Ariz. 352, 369 ¶¶ 68–69 (2020) (vacating the defendant's aggravated sentence because the jury found only one aggravating circumstance). A defendant has a Sixth Amendment right to have a jury find aggravating circumstances beyond a reasonable doubt. *Henderson*, 210 Ariz. at 568 ¶ 25 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

**¶32** True enough, aggravated DUI is a historical prior felony conviction. A.R.S. § 13-105.22(a)(iv) (2015). But attempted aggravated DUI is not. A historical prior felony conviction for DUI under the statute applicable to LaPorte's sentencing required a conviction for a crime involving "*driving* under the influence of intoxicating liquor or drugs." A.R.S. § 13-105.22(a)(iv) (2015). But attempted aggravated DUI requires, among the other elements, a defendant only take "any step beyond mere preparation and *toward* driving or being in actual physical control of a motor vehicle." *See State v. Wing*, 190 Ariz. 203, 206 (App. 1997) (emphasis added). The elements for attempted aggravated DUI, thus, are different from those supporting a historical prior felony conviction involving DUI. *Cf. State v. Cleere*, 213 Ariz. 54, 57 ¶ 6 (App. 2006) ("inflicting or even threatening serious physical injury" was not an element of the crime of attempted murder).

**¶33** LaPorte's prior attempted aggravated DUI conviction, thus, is not a historical prior felony conviction (or "forever prior"). The conviction, thus, could not be used to enhance LaPorte's sentence by moving him from being a category-1 to a category-2 repetitive offender. *See* A.R.S. § 13-703.A–B. On remand, the superior court must sentence LaPorte as a category-1 repetitive offender for the abandonment or concealment of a dead body conviction and the tampering with physical evidence conviction. *See* A.R.S. §§ 13-703.A; A.R.S. § 13-701.D.

### B. Because the jury found no aggravating factors, LaPorte's sentence cannot exceed the presumptive sentence for any of the three convictions.

¶34 The State also concedes it was error to find aggravating circumstances not found by the jury and to consider LaPorte's lack of remorse as an aggravating factor. *See Henderson*, 210 Ariz. at 568 ¶ 25; *State v. Trujillo*, 227 Ariz. 314, 317–18 ¶ 12 (App. 2011). These were errors because a reasonable jury could have found differently from the superior court on the aggravating circumstances and because the constitutional privilege against self-incrimination precludes consideration of lack of remorse as a sentencing aggravator. *See Henderson*, 210 Ariz. 569 ¶ 27 (jury could have found differently); *Trujillo*, 227 Ariz. at 317–18 ¶ 12 (remorse irrelevant to sentencing).

¶35 Based on the conceded errors, the State asks this court to vacate and remand all three sentences. Because the court could not use the prior conviction as a sentence enhancer or an aggravating circumstance and the jury did not make findings of any other aggravating circumstances, the superior court's discretion on remand is limited to imposing a sentence either at or below the presumptive for all three convictions. *See* A.R.S. §§ 13-701.C, -702.D, -703.H; *Allen*, 248 Ariz. at 368 ¶ 62.

## CONCLUSION

¶36 We affirm the three convictions but vacate all three sentences and remand for resentencing.

